598 A.2d 568

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Christine JACKSON, Appellee.**

Superior Court of Pennsylvania.

Argued May 15, 1991.

Decided Oct. 11, 1991.

George S. Leone, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Joseph C. Santaguida, Philadelphia, for appellee.

Before McEWEN, KELLY, and FORD ELLIOTT, JJ.

KELLY, Judge:

In this Opinion we are called upon to determine the appealability of discovery orders and sanctions in criminal cases as well as the requisite offer of proof by the defense necessary for the Commonwealth to produce a confidential informant who was not an eyewitness but a tipster to the crimes charged to the defendant. We find that the Commonwealth is not obligated to file a permissive appeal from an order to produce a confidential informant in order to achieve appellate review of a subsequent discovery sanction. Furthermore, we find, in the instant case, the Commonwealth did not have to produce the confidential informant who was a tipster. For these reasons, we reverse and remand the order entered January 25, 1990, which discharged appellee, Christine Jackson.

The facts and procedural history may be summarized as follows. On December 16, 1988, at approximately 10:00 p.m., members of the Philadelphia Police executed a search warrant of the third floor apartment at 5647 Chester Avenue, Philadelphia, Pennsylvania. The apartment was a two bedroom apartment. Christine Jackson and her child were in the apartment during the execution of the search warrant. In the rear bedroom, a large plastic ice chest was discovered. The ice chest contained approximately forty-one (41) clear plastic bags, each of which contained forty

(40) clear plastic vials filled with crack cocaine, as well as fourteen (14) clear bags, each of which contained approximately twenty (20) plastic packets filled with cocaine. The total number of vials was approximately 1,680, the total number of packets was 297, and the total weight of cocaine/crack was approximately 200 grams. The police also found various drug paraphernalia, including three scales, two heat sealers, and numerous empty plastic bags and vials in the rear bedroom and kitchen. A 12–gauge pump-action sawed-off shot gun, a .38 calibre handgun and a 9mm handgun were also discovered in the apartment. In addition to the weapons, the drugs and the drug paraphernalia, proof of residency, i.e., a telephone bill, an electric bill and a lease, all of which named appellee, Christine Jackson, were confiscated.

On September 6, 1989, the defense made an oral motion to suppress which focused on the entry and execution of the warrant and the sufficiency of the warrant. After a hearing during which two of the police officers who executed the warrant, Officer Gary Carpenter and Officer Philip Riehl, and appellee, Christine Jackson, testified, the motion to suppress was denied.[1]

The defense, thereafter, made a discovery request pursuant to Pa.R.Crim.P. 305.[2] Defense requested the name of

---

1. In denying the motion to suppress, the trial court stated the following:

 This Court finds on the motion to suppress the Commonwealth has demonstrated by a preponderance of the evidence that the entry and execution of the warrant was conducted in a lawful fashion, in compliance with Criminal Procedure Rule 2007 or on the criminal and all case law; further finds that the search and seizure warrant on its face contains adequate probable cause towards issuance, therefore denies the motion to suppress.
 N.T. 9/6/89 at 62.

2. Pa.R.Crim.P. 305, Pretrial Discovery and Inspection, provides in pertinent part:

 * * * * * *

 B. Disclosure by the Commonwealth.

 * * * * * *

 (2) *Discretionary With the Court.* In all court cases, except as otherwise provided in Rule 263 (Disclosure of Testimony Before

the confidential informant who provided information for the search warrant. The search warrant, after listing four successful drug arrests upon information supplied by the confidential informant, stated the following:

> On 12-15-88 the informant again provided information on a location 5647 Chester Ave 3rd floor apt. that they package and store drugs there mainly Cocaine he states that he knows this because he worked there for a couple of days and was paid $200.00 a day, he also stated that there is always drugs in the apt. He said he had worked for a b/m name John and 1 named Len.

Search Warrant, dated 12/16/88; reproduced record at 143a. Defense attorney argued to the trial court that the confidential informant must be produced for he or she could possibly provide exculpatory testimony.

> Judge, they have a search warrant. In the body of the search warrant the informant says, "I go to this location, the people who sell drugs out of this location are A and B." That's not my client.

> Why shouldn't I have the names under *Brady?* That's information that's beneficial to the defendant. I should be able to know who those informants are so that I can bring them in and say, "Is this the girl who sold you the drugs, is this the girl who possessed the drugs in this house with the intent to distribute?"

Investigating Grand Jury), if the defendant files a motion for pre-trial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:
 (a) The names and addresses of eyewitnesses;
 (b) all written or recorded statements, and substantially verbatim oral statements, of eyewitnesses the Commonwealth intends to call at trial;
 (c) all written or recorded statements, and substantially verbatim oral statements, made by co-defendants, and by co-conspirators, or accomplices, whether such individuals have been charged or not;
 (d) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.
Pa.R.Crim.P. 305.

"No, it's not, Your Honor." Why shouldn't I have those names?

N.T. 12/12/89 at 4. The hearing on defense's discovery motion was continued until the following day to permit the trial court time to reflect on the research presented by the defense and the Commonwealth.

On December 13, 1989, the defense argued that the confidential informant must be produced because he or she did not mention Christine Jackson to the police. The defense maintained that the confidential informant's testimony was material in that the confidential informant stated that he or she worked for two black men, John and Len, but did not reference Christine Jackson.[3] The Commonwealth countered that the confidential informant could not provide anything material to the defense. The trial court found in favor of the defense and ordered the Commonwealth to produce the confidential informant for an *in camera* meeting with the trial court alone without counsel present. The trial court with counsel scheduled a date, January 12, 1990, to determine whether the Commonwealth would take an appeal and, if not, to schedule an *in camera* meeting between the trial court and the confidential informant(s).

On January 25, 1990, the trial court met with both counsel.[4] The Commonwealth argued that the confidential informant could not provide anything that would be admissible or relevant to the issue of "whether at the time the police officers executed the warrant the defendant constructively possessed the narcotics that were recovered." N.T. 1/25/90 at 3. The Commonwealth decided not to produce the informant as directed, "because to do so would be to put him in great jeopardy for his safety in a circumstance where we [the Commonwealth] feel that we're legally cor-

---

3. On her bail interview sheet, Christine Jackson indicated that she lived with her brother John. Bail Interview at 2, dated 12/17/88.

4. Counsel representing the Commonwealth appeared before the trial court on January 12, 1990, and stated that no determination about an appeal from the trial court's order to produce the confidential informant had been made. The defense counsel had not appeared; therefore, the trial court continued the matter until January 25, 1990.

rect in that his appearance here is not required." *Id.*, at 3.[5] The defense counsel made a motion to have the case dismissed. After discussing and dismissing the possibility of entering a less drastic sanction to the Commonwealth's discovery violation, the trial court granted the motion and discharged Christine Jackson. On February 23, 1990, the Commonwealth filed this appeal. The Commonwealth raises the following two issues for our consideration.

1. Does this Court have jurisdiction to review the underlying merits of the lower court's order discharging defendant as a sanction for an alleged discovery violation?

2. Is defendant entitled to condition trial on the disclosure of the identity of a confidential informant who was not an eyewitness to the crime, where defendant has not shown that the informant's testimony would be exculpatory, necessary, or in the interest of justice?

Appellant–Commonwealth's Brief at 3.

The Commonwealth first contends that the instant appeal is properly before this Court. The appellee, Christine Jackson, counters that the Commonwealth's failure to take an interlocutory appeal pursuant to Pa.R.A.P. 1311 from the December 13, 1989 order, which granted her motion to produce the confidential informant pursuant to Pa. R.Crim.P. 305, results in a waiver of the Commonwealth's appellate rights and the instant appeal must be quashed. The trial court, in its Pa.R.A.P. 1925(a) opinion, also espouses the appellee's position that the Commonwealth's failure to file a timely permissive appeal regarding the discovery order waived any appellate ruling. The trial court, the Commonwealth, the appellee, all cite *Commonwealth v. Iannaccio*, 505 Pa. 414, 480 A.2d 966 (1984) (plurality) *cert. denied*, 474 U.S. 830, 106 S.Ct. 96, 88 L.Ed.2d 78 (1985) and *Commonwealth v. Redmond*, 395 Pa.Super. 286, 577 A.2d

---

5. Counsel representing the Commonwealth used the masculine pronoun in referring to the confidential informant. However, counsel stated that he did not personally know whether the confidential informant was male or female. N.T. 1/25/90 at 3.

547 (1990) *allocatur granted* 526 Pa. 632, 584 A.2d 315 (1991) as supportive authority for their respective positions.

In *Commonwealth v. Iannaccio, supra,* the trial court entered an order directing the Commonwealth to produce the confidential informant for an *in camera* hearing. The Commonwealth appealed pursuant to Pa.R.A.P. 1311. This Court reversed and defendant filed an appeal to our Supreme Court which, being equally divided, affirmed this Court's decision to reverse the trial court's order. In its opinion, the Pennsylvania Supreme Court criticized this Court for characterizing the order as a suppression matter when it was more properly treated as a discovery proceeding pursuant to Pa.R.Crim.P. 305. *See Commonwealth v. Redmond, supra,* 577 A.2d at 550.

In *Commonwealth v. Redmond, supra,* the Commonwealth filed an appeal from two orders: a September 30, 1988 order directing the Commonwealth to produce the confidential informant and an October 25, 1988 order precluding the Commonwealth's witness from testifying as a sanction for the Commonwealth's failure to produce the confidential informant. This Court held that it had no jurisdiction to hear the appeal from the September 30, 1988 order because the Commonwealth failed to file a permissive appeal pursuant to Pa.R.A.P. 1311. *Id.* However, the appeal from the October 25, 1988 order was properly before this Court and, as a result, the merits underlying the September 30, 1988 order had to be considered in determining the propriety of the October 25, 1988 order. *Commonwealth v. Redmond, supra,* 577 A.2d at 551.

Instantly, the trial court and the appellee, Christine Jackson, cite these two cases as support for the position that the Commonwealth waived appellate review of the merits underlying the January 25, 1990 order, discharging the appellee by its failure to file a permissive appeal from the December 13, 1989 order directing the Commonwealth to produce the confidential informant. We do not agree.

A careful reading of both *Commonwealth v. Iannaccio, supra,* and *Commonwealth v. Redmond, supra,* fails to

support the position espoused by the trial court and appellee. Neither opinions set forth a hard and fast rule that a permissive appeal pursuant to Pa.R.A.P. 1311 must be taken from a discovery order so as to preserve the merits of a subsequent appeal from a final order. Both opinions discuss permissive appeals. In *Commonwealth v. Iannaccio, supra,* the Commonwealth appealed pursuant to Pa. R.A.P. 1311. The Supreme Court, while responding to the appeal, did not hold that a permissive appeal was the only correct procedure to gain review of a discovery order. In *Commonwealth v. Redmond, supra,* the Commonwealth filed an appeal from two orders, the September 30, 1988 order directing production of the confidential informant and the October 25, 1988 order entering the sanction. This Court found that September 30, 1988 order to be a discovery order (as characterized by our Supreme Court in *Commonwealth v. Iannaccio, supra,* pursuant to Pa. R.Crim.P. 305), and therefore interlocutory. *Commonwealth v. Redmond, supra,* 577 A.2d at 550. This Court then quashed the appeal from the September 30, 1988 discovery order.

> Since a discovery order is interlocutory in nature, the proper procedure for appeal of the September 30, 1988 order would have been a petition for permission to appeal from an interlocutory order under Rule 1311. *See Commonwealth v. Iannaccio, supra,* 505 Pa. at 426, 480 A.2d at 972. The Commonwealth in the instant case failed to file a timely appeal in this manner of the September 30, 1988 order; therefore, this court is without jurisdiction to hear the appeal. *See* 42 Pa.C.S.A. § 742 (Superior Court has jurisdiction to hear appeals of final orders of the courts of common pleas); *id.* § 702(b) (permitting interlocutory appeal by permission); *id.,* Pa.R.A.P., Rule 1311 (requiring petition for permission to appeal an interlocutory order); *Commonwealth v. Pfender,* 280 Pa.Super. 417, 421 A.2d 791 (1980) (Superior Court without jurisdiction to hear appeal where Commonwealth did not file

petition for permission to appeal as required by Rule 1311).

*Id.* The Court turned to the October 28, 1988 sanction order and finding that it "possess[ed] the requisite degree of finality ... permit[ted] its immediate appeal." *Id.* However, in examining the merits of that sanction order, this Court turned to the September 30, 1988 discovery order.

Our inquiry does not end there, however. We have previously determined that we are without jurisdiction to consider the Commonwealth's appeal from the lower court's order of September 30, 1988. Since we do not possess jurisdiction of the appeal of that order, it would appear that we are precluded from considering its merits. However, in determining the propriety of the lower court's order of October 25, 1988, we find that the merits of the September 30, 1988 order inescapably require our review. That is because authority to issue a remedy under Rule 305 E, *supra*, is granted only if "a party has failed to comply with this rule." Pa.R.Crim.P., Rule 305 E. 42 Pa.C.S.A., referring generally to Rule 305. The facts of the case indicate that the Commonwealth did not comply with the lower court's order of September 30, 1988; therefore, we must examine the Commonwealth's non-compliance with the disclosure order to determine if that non-compliance was equivalent to a non-compliance with Rule 305, thus permitting the lower court to act pursuant to the remedy provision of Rule 305 E. This inquiry will logically require us to examine the merits of the September 30, 1988 order. However, in doing so, we are not resurrecting the quashed appeal of that order; we are simply considering whether the October 25, 1988 order was proper considering the prior disclosure order. *See Okkerse v. Howe,* 521 Pa. 509, 556 A.2d 827 (1989) (Superior Court erred in reviewing merits of quashed appeal; opinion was purely advisory).

*Id.,* 577 A.2d at 551–552. Nowhere in this opinion did this Court hold that the seeking of a permissive appeal was required to achieve appellate review of a discovery sanction.

Rather, this Court in *Commonwealth v. Redmond, supra,* stated that a permissive appeal is the only method by which to obtain immediate review of an interlocutory discovery order. In fact this Court's holding in *Commonwealth v. Redmond, supra,* is supportive of the Commonwealth's action in the case at bar, despite the trial court's and appellee's assertions to the contrary.

We find that a failure to seek a permissive interlocutory appeal should not waive a challenge to a disclosure order on an appeal from a final order imposing discovery sanctions for violation of the discovery order. To find waiver would create a "self-contradictory *mandatory,* permissive interlocutory appeal." *Id.,* 577 A.2d at 559 (Kelly, J., dissenting). As this Court properly declined to do so in *Commonwealth v. Redmond, supra,* we decline to do so here.

In conclusion, we find the instant appeal is properly before us for appellate review. The December 13, 1989 order, which directed the production of the confidential informant, must be examined in light of its relevance to the sanction entered January 25, 1990, which discharged appellee as a result of the Commonwealth's violation of the December 13, 1989 discovery order.[6] We turn now to the merits of this appeal.

**6.** Moreover, a review of the record supports the holding that the December 13, 1989 order directing the Commonwealth to produce the confidential informant may be examined instantly. During the December 13, 1989 hearing, the trial court, after ordering production of the confidential informant stated the following to the Commonwealth.

THE COURT: Yes, why don't we do that. you can have a status on appeal date, and then we can schedule when we're going to have the *in camera,* and then if you decide to take the appeal, we'll just cancel the *in camera* hearing, all right.

So your thirty day appeal date—what's thirty days from today? Today is what, the thirteenth?

MR. GIBSON: January twelfth, I believe.

THE COURT: So January twelfth is your thirty day status on appeal.

N.T. 12/13/89 at 27. The trial court discussed with counsel for the defense and for the Commonwealth when an appropriate date could be scheduled for an *in camera* hearing with the confidential informant.

The Commonwealth contends that the appellee, Christine Jackson, is not entitled to the disclosure of the identity of a confidential informant because (1) the confidential informant was not an eyewitness to the crimes charged to the appellee and (2) the appellee has failed to show that the confidential informant's testimony would be exculpatory, necessary or in the interest of justice. The appellee, Christine Jackson, counters that the trial court properly ordered the Commonwealth to divulge the confidential informant's identity because the confidential informant's testimony would be material and exculpatory in that she/he would testify that someone other than the appellee exercised control over the contraband, thus providing a defense to the Commonwealth's circumstantial evidence of constructive possession. As stated previously, the trial court, having found waiver, did not address the merits of this matter.

■ Christine Jackson, the appellee, was charged with possession of a controlled substance (approximately 200 grams of crack/cocaine) and possession with intent to deliver. The arresting officers are the "eyewitnesses" to these crimes of possession. Notwithstanding the fact that the confidential informant "tipped off" the police that the third floor apartment at 5647 Chester Avenue was used as a drug packaging and storage space, the Commonwealth had no need to call the confidential informant as an eyewitness at the trial of these charges. Pa.R.Crim.P. 305 B(2)(a) is therefore inapplicable as it relates solely to eyewitnesses.

THE COURT: All right. I'll tell you what, I'll make it easier on all three us. Why don't we wait until the status date and see whether you want to take the appeal. If you decide to take an appeal, it's going to be moot.

*Id.* at 28. At the January 25, 1990 hearing, after the Commonwealth informed the trial court that the confidential informant would not be produced, the trial court discharged the appellee and stated to the Commonwealth, "[a]nd you now have your appellate issue." N.T. 1/25/90 at 5. The ambiguity of whether a permissive appeal would be permitted supports this Court's holding that a *mandatory* permissive interlocutory appeal is self-contradictory and not required to preserve an examination of the underlying discovery order during a subsequent appeal from a discovery sanction which precludes prosecution.

*See Commonwealth v. Iannaccio, supra,* 480 A.2d at 971; *Commonwealth v. Bonasorte,* 337 Pa.Super. 332, 349, 486 A.2d 1361, 1372 (1984); *Commonwealth v. Ryan,* 300 Pa.Super. 156, 165–166, 446 A.2d 277, 281–282 (1982); *Commonwealth v. Moretti,* 280 Pa.Super. 167, 174, 421 A.2d 458, 462 (1980); *Commonwealth v. Garcia,* 261 Pa.Super. 296, 300, 396 A.2d 406, 408 (1978); *cf. Commonwealth v. Iannaccio, supra,* 480 A.2d at 976 n. 8 (Opinion in Support of Reversal) ("... [Rule 305B] does not by its terms limit 'eye witnesses' and that, if a person observes a material fact or event relevant to an issue in the proceeding, that person could be considered an 'eyewitness' to that fact or event.") Therefore, a request for production of a confidential informant who is not an eyewitness, but a tipster, is a discovery request under Pa.R.Crim.P. 305 B(2)(d). This subsection requires a further showing that production is "in the interest of justice." Pa.R.Crim.P. 305 B(2)(d).[7]

Appellee's offer of proof is that the confidential informant would testify that two black men, John and Len, ran a drug operation out of appellee's apartment, as is stated in the search warrant. Presumably, this testimony would exculpate appellee. The Commonwealth maintained that disclosure would greatly jeopardize the safety of the confidential informant, who had led the police to four previous drug arrests.

In *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), protection of the identity of a confidential informant was recognized as a vital public interest. Under *Roviaro v. United States, supra,* a defendant must demonstrate that disclosure is "essential to a fair determi-

---

**7.** Pa.R.Crim.P. 305 makes discoverable, at the discretion of the trial court, "upon a showing that they are material to the preparation of the defense and that the request is reasonable,

 a) the names and addresses of eyewitness; and

 \* \* \* \* \* \*

 d) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be *in the interest of justice.*"

*Commonwealth v. Iannaccio, supra,* 480 A.2d at 976; Pa.R.Crim.P. 305 B(2) (Emphasis added).

nation." 353 U.S. at 61, 77 S.Ct. at 628. The United States Supreme Court applied a balancing test.

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

353 U.S. at 62, 77 S.Ct. at 628–629 (footnotes omitted). The *Roviaro* balancing test has been accepted by our Pennsylvania Supreme Court in *Commonwealth v. Carter*, 427 Pa. 53, 58, 233 A.2d 284, 287 (1967) and has been applied in subsequent cases. *See Commonwealth v. Bonasorte, supra,* 486 A.2d at 1372.

■ In the case *sub judice*, we do not find that the defense has demonstrated a showing that the necessity of the disclosure of the identity of the confidential informant out-weighed the vital public interest in protecting the identity of the confidential informant. The confidential informant did not participate in the crimes with which the appellee was charged. The mere allegation that the confidential informant would, in the best of scenarios, state that the appellee had no knowledge as to the drug operation in her apartment is contradicted by the very fact that the appellee exercised control over the rear bedroom, in which the crack/cocaine was found, and that the drug paraphernalia was found in the rear bedroom and in the kitchen.[8] The speculation that the appellee's brother, not appellee, ran the drug operation does not justify the threat to a confidential informant who had previously tipped the police to four other successful drug arrests. Appellee was charged with the crime of possession of which the police were the eye-

8. Contrary to defense counsel's statements indicating absence of appellee's control over the rear bedroom (where the 200 grams of crack/cocaine was found) appellee, herself, testified to her control and dominion over the rear bedroom. N.T. 9/6/89 at 45.

witnesses. Whether John or Len are also involved in the drug operation is not of consequence to the case at bar.[9]

In conclusion, we find that the Commonwealth has not waived appellate review of the discovery order. The Commonwealth has properly appealed from a discovery sanction discharging the appellee. We find also that the trial court abused its discretion in ordering production of the confidential informant. Accordingly, we vacate the trial court order discharging the appellee, reverse the discovery order, and remand for proceedings consistent with this Opinion.

Jurisdiction Relinquished.

9. We note that under Pennsylvania law, intent to deliver may be inferred from possession of a large quantity of controlled substances and additional possession of drug paraphernalia consistent with the act of distribution. *See Commonwealth v. Ariondo*, 397 Pa.Super. 364, 383, 580 A.2d 341, 350–51 (1990) (collecting case); *see also Commonwealth v. Brundidge*, 404 Pa.Super. 106, 111 n. 3, 590 A.2d 302, 305 n. 3 (1991).