**Commonwealth v. Parker**

C.P. of Berks County, no. CP-06-CR-2415-2007.

*Igor Litvinov* and *Adrian Shchuka,* for Commonwealth.
*Jay M. Nigrini,* for defendant.

PARISI, *J.,* September 24, 2008—On May 30, 2008, a jury convicted Shawn Michael Parker (defendant) of delivery of a controlled substance, possession of a controlled substance, and possession of drug paraphernalia. 35 P.S. §§780-113(a)(30), 780-113(a)(16), 780-113(a)(32). On July 25, 2008, he received a sentence of 27 months to 10 years of incarceration concurrent to a sentence in a separate docket. The defendant filed a timely appeal on July 28, 2008 and raises a single issue on appeal:

"Whether the trial court erred in denying [the defendant's] motion to disclose the identity of the Commonwealth's confidential informant[.]" Concise statement of errors complained of on appeal.

## FACTUAL BACKGROUND

The denial of the defendant's motion to disclose the identity of informant came after an April 23, 2008 hearing. At the hearing, the testimony of the two witnesses, Pennsylvania State Trooper Charity Farrell and the defendant, differed widely.

## *Trooper Farrell's Testimony*

Trooper Farrell testified that she drove with a female confidential informant to the defendant's residence at 305 McKnight Street, Reading, Pennsylvania. While Trooper Farrell remained in the vehicle, the confidential informant went to the defendant's door and knocked. Trooper Farrell had given her $100 in marked and recorded currency. Nobody answered the door, but a black male came out of a tan sedan parked nearby and approached the confidential informant. After a brief conversation, the male used his key to open the door to the defendant's residence. He and the confidential informant entered. After about a minute, the confidential informant came out and told Trooper Farrell she could join them inside. They entered the defendant's residence and met the defendant. The other black male was also present. The confidential informant gave the defendant the $100 and asked for drugs. The defendant said that he did not have enough drugs on hand to fulfill the women's request and that it would take a little while for him to get more. When Trooper Farrell told him they could wait, the defendant entered into a discussion with the other black male as to who would go to obtain more drugs. The other black male then left the residence, got into a tan sedan, and drove away. The defendant and the two women waited for about ten minutes for the man to return. The women engaged the defendant in a little small talk, but mostly they spoke to one another. They did not discuss the topics of sex or "partying." When the tan sedan returned, the defendant stepped outside, got in the car briefly with the black male, and then returned with about four baggies containing cocaine. He asked if he

could keep one of the baggies for himself, and Trooper Farrell agreed. After the defendant gave Trooper Farrell eight baggies of cocaine, including the ones he had retrieved from the black male in the tan sedan, Trooper Farrell and the confidential informant left.

## The Defendant's Testimony

According to the defendant, after Trooper Farrell and the confidential informant parked outside, the confidential informant came to his house and initially offered sex for drugs. The defendant testified he regularly trades drugs for sex, such that women frequently come to his residence and engage in such transactions. In fact, because the defendant previously provided drugs to the confidential informant, he was confident that he had engaged in sexual activity with her, though he could not remember her identity. The defendant told the confidential informant that he was more interested in having sex with Trooper Farrell, whom he could see waiting in the car. The confidential informant then told him that that was why she brought Trooper Farrell, and that Trooper Farrell would have sex with him for drugs. The defendant agreed, and the confidential informant went to retrieve Trooper Farrell. When the two returned, Trooper Farrell asked for drugs, and the black male left to obtain them. The defendant said that the black male had come with the confidential informant, though it was unclear from the testimony when he arrived. The defendant said he has only met the black male on two occasions and does not know his name. No specific amount of drugs was requested in exchange for sex. The defendant asked the black male for drugs, and the black male left to obtain

them. After the black male returned with drugs, the defendant gave the drugs to Trooper Farrell, thinking that he would have sex with her. Instead, she claimed that her husband needed his truck back and so she and the confidential informant left.

## DISCUSSION

Resolution of discovery issues, including discovery of the identity of a confidential informant, are within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Commonwealth v. Roebuck,* 545 Pa. 471, 476-77, 681 A.2d 1279, 1282 (1996); Pa.R.Crim.P. 573(B)(2)(a)(i). Pennsylvania courts have recognized the Commonwealth's qualified privilege to maintain the confidentiality of an informant in order to preserve the public interest in effective law enforcement. *Commonwealth v. Herron,* 475 Pa. 461, 380 A.2d 1227 (1977). Before an informant's identity may be revealed, the defendant must establish that the information sought is material to the preparation of the defense and that the request is reasonable. Pa.R.Crim.P. 573(B)(2)(a)(i). To establish that a confidential informant's testimony is material, "the record should at least suggest a reasonable possibility that the information might be helpful, so that it would be unfair to withhold it." *Herron,* 475 Pa. at 467, 380 A.2d at 1230.

Here, in spite of the defendant's asserted entrapment defense, no such reasonable possibility has been suggested. The defendant's testimony, even if completely corroborated by the confidential informant, would not establish an entrapment defense. The defendant argues that the confidential informant's actions created a sub-

stantial risk that an average person not already inclined to deliver drugs would have been induced to do so. This argument is initially unconvincing simply because there is no reason to believe that people are more motivated to criminal behavior by random offers of sex than by money. In fact, this court could find no precedent classifying an offer of sex as entrapment. But see *Commonwealth v. Thompson,* 335 Pa. Super. 332, 484 A.2d 159 (1984) (finding entrapment as a matter of law where a young, attractive undercover officer repeatedly requested drugs from the defendant while feigning romantic interest over several months). The defendant's argument is weakened further by his admission to habitually trading drugs for sex to the extent that he was unable to recall the confidential informant's identity in spite of his claim to have slept with her. Therefore, if the confidential informant happened to verify the defendant's account, it would merely suggest that the police used the defendant's standard currency as an enticement. For the police to make an offer of what amounts to the "going rate" for drugs does not create a substantial risk that someone not already inclined to commit a drug transaction will do so. 18 Pa.C.S. §305(a)(2). Finally, the only evidence remotely corroborating the defendant's self-serving account of the exchange was Trooper Farrell's testimony that a one-minute conversation between the confidential informant and the occupants of the defendant's home took place out of her presence. This lack of corroboration weighs strongly against the revelation of the informant's identity. See *Commonwealth v. Eicher,* 413 Pa. Super. 235, 256, 605 A.2d 337, 348 (1992) (citing *Commonwealth v. Mickens,* 409 Pa. Super. 266, 597 A.2d 1196 (1991) and *Commonwealth v. Jackson,* 409 Pa. Super.

568, 598 A.2d 568 (1991)). In light of the facts and applicable law, the defendant cannot claim a reasonable possibility that the testimony of the confidential informant would exonerate him. *Commonwealth v. Belenky,* 777 A.2d 483, 488 (Pa. Super. 2001) (citing *Roebuck,* 545 Pa. at 478, 681 A.2d at 1283). Therefore, this court rightly denied his motion to disclose the identity of informant.

For the foregoing reasons, it is respectfully requested that the defendant's appeal be denied.