In re YORK COUNTY DISTRICT ATTORNEY'S OFFICE.

Appeal of York County District Attorney's Office.

Superior Court of Pennsylvania.

Argued Aug. 25, 2010.

Filed Nov. 19, 2010.

Commonwealth v. Silo, 469 Pa. 40, 364 A.2d 893 (1976); Fisher v. State, 845 P.2d 1272 (Okla.Crim.App.1992); People v. Kelly, 1 Cal.4th 495, 3 Cal.Rptr.2d 677, 822 P.2d 385 (1992); Nash v. Ryan, 581 F.3d 1048 (9th Cir.2009); and Holmes v. Buss, 506 F.3d 576 (7th Cir.2007).

3. Bayada Nurses, Inc. v. Com. Dep't of Labor and Indus., 8 A.3d 866, 874 (Pa.2010); Town of McCandless v. McCandless Police Officers Ass'n., 587 Pa. 525, 901 A.2d 991 (2006).

Jeffrey A. Rowe, Assistant District Attorney, York, for Commonwealth, appellant.

BEFORE: BENDER, GANTMAN, and FREEDBERG, JJ.

OPINION BY FREEDBERG, J.:

The York County District Attorney's Office ("Commonwealth") appeals from the Order entered August 4, 2009, finding that it committed contempt and imposing a $5,000.00 sanction.[1] For the reasons discussed below, we reverse.

On January 8, 2009, Douglas McClain, Jr. was arrested and charged with possession with intent to deliver, possession of an offensive weapon, and driving while his operating privileges were suspended or revoked. On May 21, 2009, McClain filed an omnibus pretrial motion requesting suppression of evidence and an order from the court mandating the Commonwealth to disclose the identity of a confidential informant ("CI"). On June 5, 2009, following a hearing, the trial court denied the motion to suppress but ordered the Commonwealth to disclose the identity of the CI.

On June 15, 2009, the Commonwealth requested reconsideration of the June 5, 2009 Order mandating disclosure of the CI. The motion for reconsideration was denied on June 24, 2009. The Commonwealth did not seek leave to appeal. On July 14, 2009, McClain filed a motion to compel discovery because the Commonwealth had not revealed the identity of the CI.

On that same day, at a status hearing, an assistant district attorney informed the trial court that the Commonwealth would not comply with the order mandating disclosure of the CI. McClain moved for dismissal of the charges against him. The trial court denied McClain's motion for dismissal of the charges and found the Commonwealth in contempt of the June 5, 2009 Order. The trial court did not immediately impose sanctions but did state that it would provide jurors with an adverse inference instruction for disregarding the disclosure order.

McClain agreed to plead guilty to one count of possession of marijuana and the weapons charge. The parties negotiated a sentence of twelve months of probation. The trial court refused to accept the plea and directed that the case be called for trial. The Commonwealth then moved to *nolle prosse* the charges against McClain with prejudice. The trial court granted the motion on June 15, 2009.

A sanctions hearing on the contempt finding took place on August 4, 2009. The trial court imposed a sanction of $5,000.00

---

1. The trial court found that "[t]he Commonwealth through its agent, [an assistant district attorney]," committed contempt. N.T. 7/07/09, R.R. 143a. The trial court "im-pose[d] a sanction of a $5000 fine against the Commonwealth, York County District Attorney's Office." Order of August 4, 2009.

against the York County District Attorney's Office, which filed a motion for reconsideration that was denied. The instant, timely appeal followed. Appellant was not ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion.

On appeal, Appellant raises three issues[2] for our review:

1. Whether Appellant acted properly in waiting to challenge the lower courts monetary sanction until after the monetary sanction was imposed?

2. Whether the lower court abused its discretion and committed an error of law in ruling that Appellant was required to disclose the identity of a confidential informant to McClain's defense counsel, where McClain failed to establish that the informant would have possessed information material to McClain's defense and failed to establish that McClain's need for that information outweighed the Commonwealth's interest in protecting the safety of its informant.

3. Whether the lower court abused its discretion and committed an error of law when imposing a five thousand ($5,000) dollar sanction upon Appellant/Prosecutor for failing to disclose the identity of a confidential informant in a criminal case, where the prosecution in a criminal case has discretion to withhold said information and suffer a dismissal of charges and the imposition of a monetary sanction infringed upon that right and did nothing to advance McClain's right to a fair trial?

The D.A.'s Office Brief at 4.

■ The first issue, raised in response to the trial court's suggestion in its 1925(a) opinion, is whether this appeal is properly before us. It is long settled that a person has an immediate right to appeal from a criminal contempt sanction. *Commonwealth v. Ashton*, 824 A.2d 1198, 1201 (Pa.Super.2003). Thus, the instant appeal is proper.

■ Appellant next claims that the trial court erred in mandating disclosure of the identity of the CI. The Commonwealth did not seek leave to appeal the order mandating disclosure of the CI. In *Commonwealth v. Jackson*, we held that this is not fatal, stating, "failure to seek a permissive interlocutory appeal should not waive a challenge to a disclosure order on an appeal from a final order imposing discovery sanctions for violation of the discovery order. To find waiver would create a self-contradictory *mandatory*, permissive interlocutory appeal." *Jackson*, 409 Pa.Super. 568, 598 A.2d 568, 573 (1991) (internal citation omitted). However, in *Jackson*, when the D.A.'s Office refused to comply with the order requiring disclosure of the identity of the CI, the trial court dismissed the case. As this Court reversed the dismissal of the charges, the underlying discovery order continued to have impact on ongoing litigation. Here, all charges against McClain have been *nolle prossed* with prejudice. Thus, any decision addressing the merits of the trial court's decision to mandate disclosure of the identity of the CI would have no impact on the case in which the issue arose. This Court will not review abstract questions and will not enter decisions "to which no effect can be given." *Shandra v. Williams*, 819 A.2d 87, 90 (Pa.Super.2003). Thus, we decline to address this issue.

■ Appellant's principal contention is that the trial court erred in imposing a

---

**2.** We have reordered the issues in Appellant's Brief.

monetary sanction against it following the refusal to disclose the identity of the CI. We review a trial court's finding of contempt for an abuse of discretion. *Commonwealth v. Zacher,* 455 Pa.Super. 594, 689 A.2d 267, 269 n. 1 (1997), *appeal denied,* 550 Pa. 706, 705 A.2d 1309 (1997) (table). Initially, the trial court never specifies whether it found Appellant in civil or criminal contempt. This Court has stated:

> [c]ontempt of court may be classified as civil or criminal in nature. The distinction between the two categories lies in the purpose behind the court's finding of contempt. If the dominant purpose of the court is to prospectively coerce the contemnor into compliance with the court's directive, the adjudication is one of civil contempt. However, if the court's dominant purpose is to punish the contemnor for disobedience of the court's order, the adjudication is one of criminal contempt.

*In re C.W.,* 960 A.2d 458, 466 (Pa.Super.2008) (internal citations omitted). While the finding of contempt was imposed prior to the dismissal of the charges, the fine imposed after the dismissal of the charges clarifies that the dominant purpose of the contempt finding was to punish.

This Court has previously limited the types of sanctions which may be imposed as a result of a prosecutor's violation of discovery rules. We have stated that, "[t]he remedy in the criminal proceeding is limited to denying the prosecution the fruits of its transgressions." *Commonwealth v. King,* 932 A.2d 948, 952 (Pa.Super.2007) (internal quotation marks and citation omitted). Here, the nolle prosse of the charges precluded the Commonwealth from proceeding with the "fruits of its transgression." Thus, once the Commonwealth moved to *nolle prosse* the case

rather than disclose the identity of the CI, the issue of contempt should have ended. This holding is in line with the Pennsylvania Supreme Court's recognition of "the importance of the Commonwealth's qualified privilege to maintain the confidentiality of an informant in order to preserve the public's interest in effective law enforcement." *Commonwealth v. Bing,* 551 Pa. 659, 713 A.2d 56, 58 (1998). In accord with this, the Commonwealth ought to have the option of keeping its commitment of non-disclosure to a confidential informant by *nolle prossing* charges without further sanction by the trial court.

Order **REVERSED.** Jurisdiction **RELINQUISHED.**

Judge GANTMAN Concurs in the Result.