587 A.2d 314

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Jerry L. GINN, Appellee,**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Katherine C. GINN, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1990.

Filed Feb. 22, 1991.

Fredric J. Ammerman, Dist. Atty., Clearfield, for Com., appellant.

Marc S. Raspanti, Philadelphia, for appellee.

Before DEL SOLE, BECK and FORD ELLIOTT, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order enforcing a dispositional agreement and dismissing prosecutions with prejudice against Mr. and Mrs. Ginn, Appellees. Mr. and Mrs. Ginn were originally charged with various crimes related to an alleged loss of funds suffered by Mrs. Ginn's employer, Dr. David Paul Nichols, M.D. Because the prosecutions appeared to involve very technical processes and because their resolution would have been very time consuming and expensive, the parties entered into a dispositional agreement with the court's approval.

The parties appearing before the court entered an agreement whereby a mutually acceptable accountant would audit Dr. Nichols' books, records and computer system to determine whether the Ginns diverted funds. The trial court outlined the details of the agreement on the record:

THE COURT: Counsel, as I understand the agreement now, a mutually acceptable accountant will perform a full and complete audit of the books, records, computer, whatever, that is needed to determine whether or not a diversion of funds has been committed with regards to the allegations of this case.

If such a diversion is found, the defendants will plead guilty as charged. If no such diversion is found the Commonwealth will nol pros the prosecution. If the accountant is unable to determine whether such a diversion has occurred, he will be brought into Court, subject to direct and cross examination, and at that point a determination will be made whether to proceed to trial by jury.

That is the Court's understanding of the discussion and the conclusion. Is that the Commonwealth's understanding?

[THE DISTRICT ATTORNEY]: That is, Your Honor.

THE COURT: And, the defense?

[DEFENSE COUNSEL]: That is, Your Honor.
N.T. 3/21/88 at 80–81.

In an effort to effectuate the terms of the agreement, the County Commissioners of Clearfield County authorized the expenditure of $13,000.00 for the audit to be performed and the parties agreed on the selection of an auditor. The parties also agreed that the auditor would submit a draft report and that the parties would have two weeks from its receipt to respond and file any additional documentation before a final report would be issued. Following receipt of a draft report which concluded that there was "no theft" and no "usage of a computer ... in furtherance of any scheme or artifice to defraud Dr. Nichols," the Commonwealth availed itself of its opportunity to submit such additional materials and documents as it saw fit. The auditor then issued his final report which reached the same conclusions as the draft report. Upon receipt of the final report the Commonwealth attempted to challenge it by filing a motion which claimed that an improper audit had been performed and that the auditor failed to review all the necessary records. In response the Ginns filed a Motion to Dismiss the Prosecution and to Enforce the Agreement. The trial court scheduled a hearing on the matter but refused to allow the Commonwealth to present testimony in regard to the manner in which the final report was prepared. The trial court noted:

> There's nowhere in here that says if you're not satisfied with the accountant or with his final report that you can reopen, do anything else but nol pros the case.
>
> .    .    .    .    .
>
> Nowhere in here does it say if you don't like the report you can come in and question it in court. Now it seems to me you've got a moral obligation here to live up to the agreement.

N.T. 1/23/90 at 29–30.

In accordance with the agreement and the auditor's findings, the trial court entered an order dismissing all the charges against both Mr. and Mrs. Ginn, with prejudice.

In its appeal to this court the Commonwealth seeks to have the trial court's order reversed. The Commonwealth alleges that the report prepared by the auditor was not full and complete and that it failed to address matters raised in the Commonwealth's responses to the draft report. It also contends that the auditor failed to follow established accounting methods, ignored certain documents and misrepresented particular matters and that the trial court erred in refusing the Commonwealth's request to offer evidence of these facts.

We decline to review the specific allegations the Commonwealth makes concerning the report and the manner in which it was prepared and instead affirm the court's order dismissing the prosecutions.

The parties to the agreement in this case did not make any provisions for a situation wherein one party was dissatisfied with the auditor's work or the manner in which such work was performed. The absence of such a provision was a matter to be addressed before entering the agreement and was a gamble to be considered and weighed by both sides. Further, the trial court noted that both parties had every opportunity to submit materials which they judged to be relevant during the course of the audit and that the Commonwealth at no time complained to the court that the auditor was proceeding in an unsatisfactory manner.

The Commonwealth in this case has a duty to live up to the terms of the bargain it made with the Ginns. This "bargain" specifically spelled out the terms by which the parties agreed to be bound. The Commonwealth now dissatisfied with the outcome seeks to challenge the manner in which the auditor's determination was made when the parties never agreed to such review. The agreement made by the parties and accepted by the court was simple. The auditor's final determination controlled. The Ginns' promise to plead guilty in face of a decision by the auditor that a diversion of funds had been committed was a risk they undertook and one that would have been enforced by the courts in the event such a decision was made. Likewise,

the courts of this Commonwealth must seek to hold the Commonwealth to terms of the agreement and dismiss the charges in view of the auditor's report.

We find analogous the cases in this Commonwealth where a prosecutor and a defendant enter a plea agreement. In speaking on such a situation our Supreme Court has stated that there is an affirmative duty on the part of the prosecutor to honor any and all the promises made to a defendant in exchange for the defendant's plea. *Commonwealth v. Zuber*, 466 Pa. 453, 353 A.2d 441 (1976).

> "Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury."

*Id.* 353 A.2d at 444.

Similar concerns over the public faith placed on such a pledge have been expressed by courts which have considered the enforceability of agreements to drop a prosecution based upon the results of a polygraph test. *See* Annot., 36 A.L.R.3d 1280 (1971) (for a collection of cases.)

The Commonwealth cannot hold criticisms and allegations of impropriety back like a trump card to be played at the last moment in case of unfavorable result. The Commonwealth and the Ginns had the agreement clearly explained to them by the Court. Neither side added any conditions or sought further clarification of the auditor's role or the manner in which he was to perform his work. The Commonwealth's dissatisfaction with the ultimate conclusion will not release it from complying with the agreement it willingly entered. Because the integrity of the judicial system demands that the Commonwealth live up to its obligation, we affirm the trial court's decision to enforce the promise made by the Commonwealth in this case and dismiss the prosecutions.

Order affirmed.