**COMMONWEALTH of Pennsylvania,**
**Appellant**

**v.**

**Maharaji HEMINGWAY, Appellee.**

**Commonwealth of Pennsylvania,**
**Appellant**

**v.**

**Michael Charles Gearhart, Appellee.**

**Commonwealth of Pennsylvania,**
**Appellant**

**v.**

**Michael Clair Styers, Appellee.**

**Commonwealth of Pennsylvania,**
**Appellant**

**v.**

**Charles R. Gearhart, Appellee.**

**Commonwealth of Pennsylvania,**
**Appellant**

**v.**

**Kenneth Vernon Smeal, Appellee.**

Superior Court of Pennsylvania.

Argued May 19, 2010.

Filed Jan. 11, 2011.

Reargument Denied March 24, 2011.

David C. Gorman, Office of Attorney General, State College, William R. Stoycos and Christopher D. Carusone, Office of Attorney General, Harrisburg, for Commonwealth, appellant.

Lance T. Marshall, State College, for Maharaji Hemingway, appellee.

William C. Kerr, III, Dubois, for Michael Charles Gearhart, appellee.

Benjamin J. Vrobel, Clarion, for Michael Clair Styers, appellee.

Gary A. Knaresboro, Dubois, for Gearhart, C., appellee.

Ronald L. Collins, Clearfield, for Smeal, appellee.

BEFORE: DONOHUE, OLSON and FITZGERALD *, JJ.

OPINION BY DONOHUE, J.:

The Commonwealth of Pennsylvania appeals from the order of the Court of Common Pleas, Clearfield County, precluding 34 of the Commonwealth's witnesses from testifying at the trial of defendants Maharaji Hemingway, Michael Charles Gearhart, Michael Clair Styers, Charles R. Gearhart, and Kenneth Vernon Smeal, as a result of the Commonwealth's failure to provide the defendants with transcripts of the witnesses' grand jury testimony in accordance with an agreement reached on February 27, 2009. We reverse and remand.

On December 20, 2006, at the request of the Attorney General, the Pennsylvania Supreme Court entered an order convening the Twenty–Sixth Statewide Investigating Grand Jury. The Honorable Barry F. Feudale was appointed as the Supervising Judge. The Supreme Court's order stated, in relevant part:

All applications and motions relating to the work of the 26th Statewide Investigating Grand Jury—including motions for disclosure of grand jury transcripts and evidence—shall be presented to said Supervising Judge. With respect to investigations, reports, and all other proper activities of the Twenty–Sixth Statewide Investigating Grand Jury, Senior Judge Feudale, as Supervising Judge, shall have jurisdiction over all counties

_____

* Former Justice specially assigned to the Superior Court.

throughout the Commonwealth of Pennsylvania.

*In re: Application of Thomas W. Corbett Jr., Attorney General of the Commonwealth of Pennsylvania, Requesting an Order Directing that an Additional Multicounty Investigating Grand Jury Having Statewide Jurisdiction be Convened,* No. 95 WM 2006 (December 20, 2006).

After hearing testimony from numerous witnesses and conducting an investigation into an alleged cocaine distribution network operating in Clearfield County and elsewhere, the grand jury issued a presentment on September 25, 2008, recommending the filing of various criminal charges against the defendants. Judge Feudale accepted and sealed the presentment. The Commonwealth filed criminal informations against each of the defendants, and the cases were consolidated for trial in the Court of Common Pleas of Clearfield County before the Honorable Fredric J. Ammerman, President Judge ("the trial court").

On February 27, 2009, a pretrial conference was convened by order of the trial court. The trial court memorialized the resultant agreements in a court order which states, in relevant part:

> The Commonwealth shall provide copies of the transcripts of Grand Jury testimony for any witness who will testify at the time of trial to Defense counsel by no later than July 6, 2009. Any failure to provide the Grand Jury testimony in conformance with this deadline shall result in the individual being precluded from testifying at time of trial.

Trial Court Order, 2/27/09.[1] No objection was made and no appeal was taken from that order.

On April 15, 2009, in response to omnibus pretrial motions filed by all defendants other than Charles Gearhart, the trial court ordered the Commonwealth to provide the grand jury transcripts to defense counsel "within no more than Ten (10) Days from this date." Trial Court Order, 4/15/09. The Commonwealth filed a petition for the issuance of a writ of prohibition to the Pennsylvania Supreme Court regarding only the April 15, 2009 trial court order. On May 28, 2009, the Supreme Court granted the writ of prohibition, stating that "[a]pplications for disclosure of [...] grand jury transcripts are properly directed to Senior Judge Barry F. Feudale, the Supervising Judge." *Corbett v. Court of Common Pleas of Clearfield County,* No. 29 WM 2009 *(per curiam).* It vacated the April 15 trial court orders "insofar as they require disclosure of grand jury transcripts, without prejudice to the ability of each of the defendants in these cases to present an application for disclosure in the appropriate forum." *Id.*

On July 2, 2009, argument on motions unrelated to the instant appeal was held before the trial court. At that time, the Commonwealth indicated that it still intended to abide by the terms of the February 27 trial court order memorializing the agreement between the parties and provide the grand jury transcripts to defense counsel prior to trial. The attorney representing the Commonwealth did not reference the Supreme Court's May 28 Order. The prosecutor stated on the record that

---

1. We note that on February 10, 2009, in response to a motion for pretrial discovery filed by Charles Gearhart, the trial court ordered, *inter alia,* that the Commonwealth provide him with the grand jury transcripts "no later than 3:00 p.m. on the Friday before trial commences." Trial Court Order, 2/10/09.

The February 10 order was not appealed by the Commonwealth at that time, and is not the subject of the instant appeal. Furthermore, there is no indication in the record that either Charles Gearhart or the trial court ever attempted to enforce that order.

he was going to turn over the grand jury transcripts to all defense counsel "on the 9th of July [...]."[2] N.T., 7/2/09, at 17.

The Commonwealth did not turn over the transcripts by July 6 or by July 9. All defense counsel filed motions *in limine* on Friday, July 10 to enforce the February 27 order and preclude the Commonwealth from calling the witnesses who testified before the grand jury because of its failure to provide the grand jury transcripts by July 6, as it had agreed. The Commonwealth provided all of the grand jury transcripts to defense counsel the same day that the motion *in limine* was filed.

Argument on the motions was held on Monday, July 13, the date that the trial was scheduled to begin. At that time, the prosecutor indicated that he erroneously thought the date for dissemination was July 9, but was unable to provide the transcripts on that date because he was interviewing potential witnesses for this trial and was not in the office that day. He stated that he provided the transcripts to defense counsel as soon as he arrived at his office on July 10, prior to receiving the motions *in limine* filed by defense counsel. The prosecutor pointed out that the grand jury transcripts were provided prior to trial, which he argued gave the defendants more time to review the transcripts than they were entitled to pursuant to the Rules of Criminal Procedure.[3] The prosecutor offered to provide defense counsel with the order in which the Commonwealth would call their witnesses to testify to give defense counsel time to appropriately prepare for the relevant testimony each day.

In response to questioning by the trial court, the prosecutor admitted that he had agreed to the content of the February 27 order. The prosecutor also acknowledged that the Office of the Attorney General commonly provided grand jury transcripts to defense counsel in advance of trial, and that this prosecutor had previously done so in other cases.

Another prosecutor who was present for argument addressed the trial court and asserted that the disclosure of grand jury transcripts was for impeachment purposes, and that it was not a discovery matter. The prosecutor indicated that the Commonwealth had been working tirelessly to pare down the number of witnesses who would testify at trial, rendering many of the transcripts irrelevant. Furthermore, the assisting prosecutor added that defense counsel had been provided with an extensive amount of discovery, which included summaries of the witnesses' testimony before the grand jury, and thus suppression of all of the testimony of the witnesses who testified before the grand jury was too severe a sanction and not warranted under the circumstances.

The trial court granted defense counsels' motions and entered an order precluding the testimony of the 34 witnesses who testified before the grand jury. The Commonwealth filed an appeal the same day.[4]

---

**2.** It is undisputed that the prosecutor simply misremembered that July 6 was the agreed upon date for distribution.

**3.** The prosecutor was referring to Rule of Criminal Procedure 230(B)(2), which states:

When a witness in a criminal case has previously testified before an investigating grand jury concerning the subject matter of the charges against the defendant, upon application of such defendant the court shall order that the defendant be furnished with a copy of such testimony; however, such testimony may be made available only after the direct testimony of that witness at trial.

Pa.R.Crim.P. 230(B)(2).

**4.** While the trial court's order was not final, the Commonwealth certified in good faith that the trial court's order terminated or sub-

The Commonwealth raises three issues on appeal:

1. Whether the trial court lacked subject matter jurisdiction to sanction the Commonwealth for failing to disclose grand jury transcripts seven days prior to trial given that determinations regarding the disclosure of transcripts of proceedings of the Twenty–Sixth Statewide Investigating Grand Jury must, as a matter of law, be made by the Honorable Barry Feudale, Supervising Judge of the Twenty–Sixth Statewide Investigating Grand Jury?

2. Whether the trial court's order sanctioning the Commonwealth for failing to disclose grand jury transcripts seven days prior to trial violated the Law of the Case Doctrine given that the Supreme Court of Pennsylvania had previously issued an order in these cases instructing the trial court and parties that all applications relating to the disclosure of grand jury transcripts must be presented to the Honorable Barry Feudale, Supervising Judge of the Twenty–Sixth Statewide Investigating Grand Jury?

3. Whether the trial court's sanction precluding 34 Commonwealth witnesses from testifying at trial constituted an abuse of discretion given that it is the functional equivalent of a dismissal of the charges filed against the defendants and the record: (A) contains no evidence that the prosecutor acted in bad faith; (B) contains evidence that the prosecutor's conduct was inadvertent; (C) contains evidence that the trial court contributed to the prosecutor's con-

fusion on the subject; and (D) reflects the availability of less drastic remedies?

Commonwealth's Brief at 4.

 As its first issue, the Commonwealth argues that the trial court lacked subject matter jurisdiction to sanction the Commonwealth for its failure to disclose the grand jury transcripts in accordance with the February 27 order. *Id.* at 24. Whether a court has subject matter jurisdiction is a question of law. *Commonwealth v. Salley,* 957 A.2d 320, 322 (Pa.Super.2008). Our scope of review is plenary, and our standard of review is *de novo. Id.* The existence of subject matter jurisdiction goes to the heart of a court's ability to act in a particular case. *See Commonwealth v. Jones,* 593 Pa. 295, 301, 929 A.2d 205, 208 (2007). It is not waivable, even by consent, and may be raised by any party or by the court, *sua sponte,* at any stage of the proceeding. *Id.*

The Commonwealth asserts that the trial court lacked subject matter jurisdiction to order the Commonwealth to disclose the grand jury transcripts by July 6 because only the supervising judge was vested with the authority to order the Commonwealth to provide the transcripts to the defendants. Commonwealth's Brief at 29–30. While in the abstract we agree that only the supervising judge can *compel* production, we find that the Commonwealth misstates the nature of this trial court's February 27 order.

There is no question that all *applications and motions* for the disclosure of the grand jury transcripts at issue were exclusively under the jurisdiction of the Honorable Barry F. Feudale, the supervising judge. We agree that the trial court

stantially handicapped the prosecution. Notice of Appeal, 7/13/09. It was therefore ap-

pealable pursuant to Pa.R.A.P. 311(d).

lacked subject matter jurisdiction to decide such a motion. *In re: Application of Thomas W. Corbett Jr., Attorney General of the Commonwealth of Pennsylvania, Requesting an Order Directing that an Additional Multicounty Investigating Grand Jury Having Statewide Jurisdiction be Convened,* No. 95 WM 2006 (December 20, 2006); *Corbett v. Court of Common Pleas of Clearfield County,* No. 29 WM 2009 (per curiam); Pa.R.Crim.P. 230(B). On April 15, 2009, the trial court entered an order in response to defendants' pretrial motions to expedite the production of the grand jury transcripts, and ordered the Commonwealth to provide copies of the grand jury testimony to defense counsel within 10 days. *See* Trial Court Order, 4/15/09.

The Commonwealth sought a writ of prohibition in the Pennsylvania Supreme Court, arguing that the April 15, 2009 trial court order was violative of Pennsylvania statutes and the Supreme Court's December 20, 2006 order granting jurisdiction over motions for the disclosure of the grand jury testimony to the Supervising Judge (Senior Judge Feudale). The Supreme Court granted the writ of prohibition, reiterating the requirement that "[a]pplications for disclosure of [. . .] jury transcripts are properly directed to Senior Judge Barry F. Feudale, the Supervising Judge." *Corbett v. Court of Common Pleas of Clearfield County,* No. 29 WM 2009 *(per curiam ).* However, the February 27, 2009 order, which the Attorney General now seeks to nullify, was prepared in response to an agreement among the parties reached at a pretrial conference, *not* in response to a motion or application by defense counsel for the production of grand jury transcripts.

A pretrial conference is convened at the request of any party or, as here, by order of the trial court, in an attempt to make the trial flow more smoothly and efficiently. *See* Pa.R.Crim.P. 570(A). Pretrial conferences allow for certain issues to be addressed, including discovery, admissibility of evidence, witness testimony, exhibit qualification, possible defenses, and "such other matters as may aid in the disposition of the proceeding." *Id.* The resulting agreements and objections are placed on the record and included in a written order. Pa.R.Crim.P. 570(C). That order is binding on the parties unless otherwise modified by the trial court. *Id.*

The record reflects that the Commonwealth and all defense counsel met on February 27, 2009 pursuant to the trial court's order scheduling a pretrial conference. *See* Trial Court Order, 2/13/09. The agreements that were reached at that meeting were reduced to writing in the February 27 trial court order. *Id.*

The record does not reflect that the pretrial conference or the order generated was in response to a motion by any defendant for the production of the grand jury transcripts. No objections to the February 27 order were noted by either party. In fact, the Commonwealth admitted that it was in agreement with the February 27 order and that it had agreed at the conference that it could and would provide defense counsel with copies of the grand jury transcripts by July 6, 2009. N.T., 7/13/09, at 17–18. Indeed, subsequent to the Supreme Court's May 28, 2009 Order, the Commonwealth agreed on the record at another proceeding that it could and would provide defense counsel with the grand jury transcripts as required by the February 27, 2009 Order. N.T., 7/2/09, at 17–18. Furthermore, at argument on the motions filed by defense counsel to exclude the testimony of the 34 witnesses, the Commonwealth not only admitted that it had agreed to the February 27 order, but indicated that it would have complied if it had

not misremembered the date for compliance and had scheduling conflicts on July 9 that precluded what it thought would have been the timely dissemination of the transcripts. N.T., 7/13/09, at 14–15, 32. Reported cases indicate that it is common practice for the attorney for the Commonwealth, in the performance of its duties as prosecutor, to provide transcripts to the defense pursuant to a pretrial agreement between the parties. *See Commonwealth v. Cascardo,* 981 A.2d 245, 261 (Pa.Super.2009); *Commonwealth v. Rickabaugh,* 706 A.2d 826, 841 (Pa.Super.1997); *Commonwealth v. Wecht,* 20 Pa. D. & C.3d 627, 656 (Pa.Com.Pl.1981). The record establishes that the prosecutor in this case follows that practice. N.T., 7/13/09, at 19. Moreover, the trial court said that such agreements were routinely entered into by the Attorney General in its courtroom. Trial Court Opinion, 8/19/09, at 4.

This was a matter of an agreement among the parties that was reached at a pretrial conference intended to advance the efficiency of judicial resources. This was not a contested motion or application for disclosure of the grand jury transcripts. The Rules of Criminal Procedure allow for such agreements. The Rules of Criminal Procedure make clear that the supervising judge controls all copies of the grand jury transcripts "[e]xcept as otherwise set forth in these rules." Pa. R.Crim.P. 229. One such exception, set forth in Rule 230, is that copies of the transcripts are to be provided to the attorney for the Commonwealth "for use in the performance of official duties." [5] Pa. R.Crim.P. 230(A); *see also* 42 Pa.C.S.A. § 4549(b). It is obvious that the Attorney General's participation in a pretrial conference is part and parcel of a criminal prosecution, and agreements reached therein thus fall under the Attorney General's "official duties." *See* Pa.R.Crim.P. 230(A); 42 Pa.C.S.A. § 4549(b). The Commonwealth's agreement to provide the transcripts by July 6 was therefore properly reduced to writing in the February 27 order by the trial court, which was squarely within the trial court's jurisdiction. *See* Pa.R.Crim.P. 570(C); 42 Pa.C.S.A. § 931(a). Accordingly, the trial court likewise had subject matter jurisdiction to sanction the Commonwealth for its failure to abide by the terms of the February 27 order. The first issue raised by the Commonwealth on appeal is therefore without merit.

In the Concurring and Dissenting Opinion ("CDO"), our learned colleague asserts that the Grand Jury Act and applicable Rules of Criminal Procedure prohibit the Commonwealth from agreeing to provide a defendant with grand jury transcripts. This interpretation is based on the axiom that grand jury proceedings are to be conducted in secrecy. *See In re Investigating Grand Jury of Philadelphia County,* 496 Pa. 452, 457–58, 437 A.2d 1128, 1130 (1981); Pa.R.Crim.P. 229; CDO at 503.

Our Supreme Court has recognized the need for the secrecy of grand jury proceedings as being "indispensable to the effective functioning of a grand jury's investigation," and has provided the following reasons for the need for such secrecy:

(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the wit-

---

**5.** The duties of the Office of the Attorney General include, *inter alia,* representing the Commonwealth of Pennsylvania in certain

criminal prosecutions. *See* 71 P.S. § 732–205(a).

nesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*In re Investigating Grand Jury of Philadelphia County*, 496 Pa. at 457–58, 437 A.2d at 1130 (citations omitted). These reasons are inapplicable to the case at bar, however, as this information would inevitably be disclosed to the defendants. *See Commonwealth v. Kelly*, 245 Pa.Super. 351, 369 A.2d 438, 441–42 (1976), affirmed, 484 Pa. 527, 399 A.2d 1061 (1979) (stating that it is well-settled that a criminal defendant is entitled to relevant portions of grand jury testimony). Moreover, the grand jury had issued its presentment, charges had been filed, and trial was imminent at the time the transcripts of the testifying witnesses were to be provided to the defendants.

The CDO also provides a thoughtful discussion on statutory interpretation, and concludes that the language of the Grand Jury Act and the Rules of Criminal Procedure at issue unambiguously prohibit the Commonwealth from agreeing to provide the grand jury transcripts as it did in this case. CDO at 505–06, 508 n. 5. We respectfully disagree. There is no prohibition on the Commonwealth providing the grand jury transcripts to a defendant by agreement in advance of trial—both the Grand Jury Act and the Rules of Criminal Procedure are silent in that regard. However, section 4549 of the Grand Jury Act expressly sets forth those who are prohibited from disclosing matters occurring before the grand jury unless "so directed by the court": A grand juror, an attorney representing a witness who is testifying before the grand jury, an interpreter providing services before the grand jury, a grand jury stenographer, the recorder of grand jury proceedings, and the typist of grand jury transcripts. 42 Pa.C.S.A. § 4549(b). The attorney for the Commonwealth is conspicuously absent from this list, and is only explicitly prohibited from providing transcripts to its investigators and law enforcement officers without the supervising judge's permission. *Id.*

■ The CDO likens the Commonwealth providing transcripts to criminal defendants by agreement to the Commonwealth providing transcripts to its investigators and witnesses[6] by agreement. That comparison is misleading, because neither the Commonwealth's investigators nor its witnesses have the constitutional protections afforded to them that a criminal defendant does. Furthermore, unlike the Commonwealth's investigators and witnesses, a criminal defendant is *entitled* to the grand jury transcripts of witnesses testifying at trial. *Kelly*, 369 A.2d at 441–42. The transcripts will be provided to the criminal defendant, it is only a matter of *when* they will be released.[7] We see absolutely no public policy consideration or

---

**6.** The Comment to Rule 230 states that as part of its "official duties," the attorney for the Commonwealth may review grand jury testimony with its witnesses, but is not to provide them with copies of the transcripts. Pa.R.Crim.P. 230 (Comment).

**7.** The Commonwealth and the CDO interpret Rule 230(B)(2) as prohibiting the disclosure of grand jury transcripts to the defendant until after the witness has testified on direct examination. Commonwealth's Brief at 27; CDO at n. 4. This is based on the portion of Rule 230(B)(2) which states that grand jury transcripts "may be made available only after the direct testimony of that witness at trial." We disagree with this interpretation, as the plain language calls for the opposite result.

purpose that would be served by interpreting the Grand Jury Act and Rules in this manner where, as here, the grand jury's investigation was complete, charges had been filed against the defendants, there were no noted concerns for the safety of the grand jurors or witnesses, and the commencement of trial was imminent.

There is no question that a criminal defendant would want copies of the grand jury transcripts for witnesses who will be testifying at trial. Indeed, the transcripts must be released to any defendant who makes such a request. Pa.R.Crim.P. 230(B)(2). It is absurd to require a defendant to file a motion if the Commonwealth agrees that there are no safety concerns or other impediments to the defendant receiving a copy of the transcript(s) in advance of trial.

In the ordinary course, prohibiting production of the witness transcripts to defense counsel until after the witnesses' direct examination would throw a monkey wrench into the trial process. Trial would cease for an indeterminate period of time so that defense counsel could prepare for cross-examination; the judge and jurors' time and judicial resources wasted.

Of course, the Commonwealth is not required to agree to provide the grand jury transcripts to the defendant in advance of trial. If the Commonwealth does not agree, the law is clear and unambiguous that the defendant must then submit an application to the supervising judge to obtain copies of the grand jury transcripts. *Id.* However, if the Commonwealth, in its official duties, participates in a pretrial conference and agrees to provide the transcripts to the defendant, it is bound by the agreements reached therein, just as the defendant is bound.[8] Pa.R.Crim.P. 230(a);

As noted by the trial court, the use of the word *"may"* indicates that it is a permissive provision, not mandatory. *See* Trial Court Opinion, 8/19/09, at 4. Pa.R.Crim.P. 230(B)(2) gives the supervising judge the discretion to control the timing of the dissemination of witness transcripts based upon the circumstances presented in the application for the transcripts. For example, if the grand jury's investigation is ongoing, or if the safety of a testifying witness would be endangered by the disclosure of the grand jury transcripts prior to his or her testimony, the supervising judge "may" delay dissemination of the transcripts to defense counsel until that witness testifies on direct examination at trial. *Cf. Pirillo v. Takiff*, 462 Pa. 511, 530, 341 A.2d 896, 905 *opinion reinstated*, 466 Pa. 187, 352 A.2d 11 (1975) ("The secrecy surrounding grand jury proceedings is a mechanism to insure the safety and reputation of witnesses and grand jurors."). These potential scenarios were clearly not at issue here, as the Commonwealth agreed to and did, in fact, provide the grand jury transcripts to defense counsel prior to trial.

If the supervising judge did not have discretion regarding the timing of dissemination, the rule would simply indicate that grand jury transcripts "shall be made available at the conclusion of each witness' testimony on direct examination." There would be no need for any judicial intervention or court approval, because that would be the only time the transcripts could be made available under the law. The plain language of the rule indicates that such a *per se* interpretation was not intended. Rule 230(B)(2) sets the outer limit of the supervising judge's discretion, allowing, in appropriate circumstances, for the disclosure of the transcripts "only after" a witness has testified on direct examination.

8. Even assuming, *arguendo*, that the Commonwealth was statutorily precluded from agreeing to provide the grand jury transcripts without an order from the supervising judge as it now belatedly claims, we still do not believe it would be entitled to relief. There is nothing in the December 20, 2006 Supreme Court Order that placed that burden to obtain Judge Feudale's permission solely on the defendants or prohibited the Commonwealth from seeking permission. *See In re: Application of Thomas W. Corbett Jr., Attorney General of the Commonwealth of Pennsylvania, Requesting an Order Directing that an Additional Multicounty Investigating Grand Jury Having*

42 Pa.C.S.A. § 4549(b); *see Commonwealth v. Ortiz,* 854 A.2d 1280, 1284 (Pa.Super.2004) (Commonwealth is bound by restitution agreement reached with the defendant); *Commonwealth v. Impellizzeri,* 443 Pa.Super. 296, 661 A.2d 422, 432 (1995) (but for defendant "opening the door," Commonwealth is bound by pretrial agreement to exclude evidence); *Commonwealth v. Ginn,* 402 Pa.Super. 405, 587 A.2d 314, 316 (1991) (Commonwealth is bound by agreement to dismiss charges); *Commonwealth v. McSorley,* 335 Pa.Super. 522, 485 A.2d 15, 19 (1984) (terms of a diversion agreement binding on the Commonwealth).

■ As its second issue, the Commonwealth argues that the July 13, 2009 trial court order sanctioning the Commonwealth for its failure to comply with the February 27, 2009 trial court order violated the law of the case doctrine. Commonwealth's Brief at 33. Because the Commonwealth failed to raise this argument before the trial court, it is waived. Pa. R.A.P. 302(a); *Commonwealth v. Bavusa,* 574 Pa. 620, 634, 832 A.2d 1042, 1050 (2003) (stating that claims made for the first time on appeal are waived for appellant's failure to raise them below); *Commonwealth v. McCandless,* 880 A.2d 1262, 1269 (Pa.Super.2005) (stating "the law of the case doctrine can be waived").

■ For purposes of completeness, however, we note that the issue is also meritless. The law of the case doctrine has been defined by our Supreme Court as follows:

This doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter. Among the related but distinct rules which make up the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.

*Commonwealth v. Starr,* 541 Pa. 564, 574, 664 A.2d 1326, 1331 (1995).

The record reflects that in its May 28, 2009 Order, the Supreme Court did not prohibit or even address the Commonwealth's ability to agree to provide the grand jury transcripts to defense counsel in the absence of an order from Judge Feudale. *See Corbett v. Court of Common Pleas of Clearfield County,* No. 29 WM 2009 *(per curiam ).* Contrary to the Commonwealth's contention, the July 13, 2009 trial court order does not reopen or alter the resolution of legal questions decided by our Supreme Court in its May 28 Order, but merely enforces the sanctions set forth in the February 27 order as a result of the Commonwealth's failure to comply with its dictates. Thus, the law of the case doctrine is inapplicable.

*Statewide Jurisdiction be Convened,* No. 95 WM 2006 (December 20, 2006). Given the Commonwealth's agreement to provide the transcripts to the defendants, the onus was on the Commonwealth to make such a request, as the defendants relied in good faith on the Commonwealth's repeated assurances that they would receive the transcripts by July 6. *See N.T.,* 7/13/09, at 7–8. To allow the Commonwealth to benefit from its breach of promise produces an unreasonable and unconscionable result.

■■ As its final issue, the Commonwealth argues, in the alternative, that the trial court abused its discretion by precluding the testimony of the 34 grand jury witnesses because the Commonwealth substantially complied with the terms of the February 27 order. Commonwealth's Brief at 34. Decisions involving discovery matters are within the sound discretion of the trial court and will not be overturned absent an abuse of that discretion.[9] *Commonwealth v. Smith*, 955 A.2d 391, 394 (Pa.Super.2008) (*en banc*).

■ Rule of Criminal Procedure 573(E) sets forth the remedies available to trial courts for discovery violations: "[T]he court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances." Pa.R.Crim.P. 573(E). Although not expressly included in the list of remedies, a trial court does have the discretion to dismiss the charges, but only for the most extreme and egregious violations. *Commonwealth v. Burke*, 566 Pa. 402, 416, 781 A.2d 1136, 1144 (2001) (quoting *Commonwealth v. Shaffer*, 551 Pa. 622, 627, 712 A.2d 749, 752 (1998)) ("... the sanction of dismissal of charges should be utilized in only the most blatant cases. Given the public policy goal of protecting the public from criminal conduct, a trial court should consider dismissal of charges where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed."); *Smith*, 955 A.2d at 395.

While the trial court did not explicitly dismiss any of the charges against the defendants, the Commonwealth certified, in good faith, that the trial court's order precluding the testimony of the 34 witnesses "will terminate or substantially handicap the prosecution" pursuant to Pa. R.A.P. 311(d). Notice of Appeal, 7/13/09. This certification is "not contestable." *Commonwealth v. Boczkowski*, 577 Pa. 421, 441, 846 A.2d 75, 87 (2004); *see also Smith*, 955 A.2d at 394 ("Although the trial court did not dismiss the charges [...] its equivalent was accomplished when the Commonwealth declined to proceed to trial without the testimony of the officers and suffered a dismissal of the charges as a result of failing to prosecute prior to the resolution of the issue on appeal."). Based upon the specific facts of this case and the rationale behind the February 27 order, we are constrained to agree with the Commonwealth that this sanction yielded too extreme a result.

The record reflects that the attorney representing the Commonwealth intended to comply with the February 27 order, but erroneously believed that the grand jury testimony was to be provided to defense counsel on July 9, not July 6. N.T., 7/2/09, at 17; N.T., 7/13/09, at 14–15, 30. The Commonwealth provided the transcripts on July 10—four days after the ordered deadline; one day past the deadline the Commonwealth erroneously believed was set by the trial court—which was late, but in advance of trial nonetheless. N.T., 7/13/09, at 14–15. The Commonwealth also offered to provide defense counsel with the order in which it would call its witnesses to afford defense counsel more

---

9. Although Maharaji Hemingway argues that the production of grand jury transcripts is not a discovery matter, it has been treated as such by our Supreme Court, and the underlying principles are nonetheless the same. *See*

*Commonwealth v. Lang*, 517 Pa. 390, 398, 537 A.2d 1361, 1365 (1988); *Commonwealth v. Millhouse*, 470 Pa. 512, 516, 368 A.2d 1273, 1275 (1977); *see also* Pa.R.Crim.P. 573(B)(2)(a).

time to review the witnesses' testimony prior to each day of trial. *Id.* at 16.

The February 27 order was borne out of an attempt to streamline the trial. *See* Trial Court Opinion, 8/19/09, at 4. Defense counsels' receipt of the transcripts in advance of the witnesses' testimony, coupled with the Commonwealth's offer to provide defense counsel with an ordered witness list, would accomplish that goal and would have resulted in substantial compliance with the agreed upon order. Moreover, it was clearly not the intention of the trial court to terminate the prosecution when it enforced its order precluding the 34 witnesses from testifying. *See* Trial Court Opinion, 8/19/09, at 6 ("This [c]ourt agrees that dismissal of the charges against these defendants would not be warranted.").

This does not mean that a trial court cannot preclude evidence or testimony when a binding agreement is reached between the parties, the parties have actual knowledge of the sanction that is to be employed for failing to abide by the terms of the agreement, and one or more of the parties abjectly refuse to comply. However, the record does not support such a finding in the instant case.

Therefore, we agree with the Commonwealth that the decision of the trial court to preclude the testimony of the 34 witnesses must be reversed because the Commonwealth substantially complied with the terms of the pretrial conference order of February 27, 2009, and the Commonwealth has certified that the preclusion of the witnesses will terminate or substantially hamper the prosecution.

Order reversed, case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

OLSON, J. files a Concurring and Dissenting Opinion.

## CONCURRING AND DISSENTING OPINION BY OLSON, J.:

Although I concur with the learned majority that the trial court abused its discretion by precluding the testimony of the 34 grand jury witnesses, I must respectfully dissent as I believe that the trial court lacked subject matter jurisdiction to enter the order of February 27, 2009 directing the Commonwealth to produce copies of grand jury transcripts prior to trial.

In considering any effort to obtain information from an investigating grand jury, we must be guided by the overarching maxim that "[g]rand jury proceedings have traditionally been conducted in secrecy." *In re Investigating Grand Jury of Phila. County,* 496 Pa. 452, 437 A.2d 1128, 1130 (1981). Moreover,

> [t]his secrecy, which is indispensable to the effective functioning of a grand jury's investigation is designed (1)[t]o prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) **to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it;** (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* (emphasis added; internal quotes and citations omitted). Thus, our General Assembly passed the Investigating Grand

Jury Act (Grand Jury Act), 42 Pa.C.S.A. § 4541, *et seq.*, in part, to insure that grand jury proceedings remain secret by allowing only limited disclosure of matters that are the subject of any such investigation. Hence, the starting point of any analysis regarding the disclosure of matters occurring before a grand jury is the Grand Jury Act, and the Pennsylvania Rules of Criminal Procedure that were promulgated pursuant to the Act.

The Grand Jury Act provides that when a multicounty investigating grand jury is empanelled, the supervising judge "**shall** with respect to **investigations, presentments, reports, and all other proper activities** of said investigating multicounty grand jury, **have jurisdiction** over all counties in the jurisdiction of said multicounty investigating grand jury[.]" 42 Pa. C.S.A. § 4544(b)(2) (emphasis added). Section 4549(b) of the Grand Jury Act identifies "the **limited** circumstances" in which matters occurring before an investigative grand jury may be disclosed. *In re Investigating Grand Jury of Phila. County*, 437 A.2d at 1131 (emphasis added). This section provides:

> **(b) Disclosure of proceedings by participants other than witnesses.**—Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the Commonwealth for use in the performance of their duties. The attorneys for the Commonwealth may **with the approval of the supervising judge** disclose matters occurring before the investigating grand jury including transcripts of testimony to local, State, other state or Federal law enforcement or investigating agencies to assist them in investigating crimes under their investigative jurisdiction. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who

transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court. All such persons shall be sworn to secrecy, and shall be in contempt of court if they reveal any information which they are sworn to keep secret.

*Id.* at § 4549(b) (emphasis added).

Consistent with the Grand Jury Act, our Supreme Court promulgated procedural rules that clearly provide that the supervising judge of the statewide investigating grand jury has exclusive control over grand jury matters, including disclosure of grand jury transcripts.

Rule 229 of the Pennsylvania Rules of Criminal Procedure provides "[e]xcept as otherwise set forth in these rules, the court **shall control** the original and all copies of **the transcript** and **shall maintain their secrecy**." Pa.R.Crim.P. 229 (emphasis added). The reference to "the court" in Rule 229 means the supervising judge of the investigating grand jury, not the trial court. Pa.R.Crim.P. 229 (official comment). Rule 230, in turn, sets forth when and to whom the supervising judge may release transcripts of grand jury testimony:

**Disclosure of Testimony Before Investigating Grand Jury**

**(A) Attorney for the Commonwealth:** Upon receipt of the certified transcript of the proceedings before the investigating grand jury, the court shall furnish a copy of the transcript to the attorney for the Commonwealth for use in the performance of official duties.

**(B) Defendant in a Criminal Case:**

(1) When a defendant in a criminal case has testified before an investigating grand jury concerning the subject matter of the charges against him, upon application of such defendant the court shall order that the defendant be fur-

nished with a copy of the transcript of such testimony.

(2) When a witness in a criminal case has previously testified before an investigating grand jury concerning the subject matter of the charges against the defendant, upon application of such defendant the court shall order that the defendant be furnished with a copy of the transcript of such testimony; however, such testimony may be made available only after the direct testimony of that witness at trial.

(3) Upon appropriate motion of a defendant in a criminal case, the court shall order that the transcript of any testimony before an investigating grand jury that is exculpatory to the defendant ... be made available to such defendant.

Pa.R.Crim.P. 230(A) and (B).[1] Again, "the court" referred to in this Rule is the supervising judge of the grand jury.

In construing the pertinent provisions of the Grand Jury Act, we must be guided by the Statutory Construction Act. 1 Pa. C.S.A. § 1921.

> When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. When the words of a statute are clear and free from all ambiguity, they are presumed to be the best indication of legislative intent.

*Gaudio v. Ford Motor Co.*, 976 A.2d 524, 536 (Pa.Super.2009) (internal quotations and citations omitted), appeal denied, 605 Pa. 686, 989 A.2d 917 (2010). Moreover, "[i]n interpreting a statute, we are to give effect to all the language of the statute and we may not render any language superfluous or assume language to be mere surplusage." *Commonwealth v. Bailey*, 986 A.2d 860, 863 (Pa.Super.2009), appeal denied —— Pa. ——, 995 A.2d 350 (2010). Additionally, in construing the relevant Pennsylvania Rules of Criminal Procedure, we must "[t]o the extent practicable, [construe] these rules [ ] in consonance with the rules of statutory construction." Pa. R.Crim.P. 101(C).

In applying these canons of statutory construction to the relevant provisions of the Grand Jury Act and the resultant rules, I believe that the Act and the rules are clear and unambiguous in providing that the supervising judge of the statewide grand jury has exclusive jurisdiction over all aspects of a multicounty investigating grand jury, including the control of grand jury transcripts. Rule 229 of the Rules of Criminal Procedure clearly provides that the supervising judge is to retain control of the original and all copies of grand jury transcripts and **shall** maintain their secrecy, unless otherwise provided by the rules. Pa.R.Crim.P. 229 and Comment to Rule. The only exceptions provided in the rules are set forth in Rule 230. Under said rule, the supervising judge **shall** 1) provide a copy of the transcripts to the Commonwealth's attorney for "use in the performance of official duties"; 2) **upon application of a defendant,** order that the defendant be provided with the transcript of any testimony he or she gave before the grand jury; 3) **upon application of a defendant,** order that the defendant be furnished with copies of transcripts of grand jury testimony given by witnesses; and, 4) **upon motion of a defendant,** order disclosure of any

---

1. In addition to those instances set forth in Rule 230(A) and (B), the supervising judge may also order that a grand jury transcript be released to another investigative agency upon an appropriate motion and after a hearing into relevancy. Pa.R.Crim.P. 230(C).

transcript to the defendant of any grand jury testimony that is exculpatory. Pa. R.Crim.P. 230(A)-(B). There is nothing ambiguous about this language. Transcripts of grand jury proceedings **shall** remain secret and **shall** only be disclosed by order of the supervising judge under very limited circumstances.

The majority acknowledges that all applications and motions for the disclosure of grand jury transcripts are exclusively under the jurisdiction of the supervising judge. Majority Opinion at 496–97. However, the majority concludes that formal motions and applications to the supervising judge are not prerequisites to the disclosure of grand jury transcripts. Instead, the majority believes that counsel for the Commonwealth and counsel for the defendants may reach an agreement as to when and to whom grand jury transcripts are to be disclosed and that the trial court then has jurisdiction to reduce this voluntary agreement into a court order. *Id.* at 498. In reaching this conclusion, the majority relies upon § 4549(b) of the Grand Jury Act and Rule 230(A) of the Rules of Criminal Procedure. Specifically, the majority reasons that copies of grand jury transcripts are to be provided to the attorneys for the Commonwealth for use in the performance of their duties. Since one of the Commonwealth attorney's "official duties"

is to participate in pretrial conferences, "agreements reached therein [with respect to the timing of disclosure of grand jury transcripts] [ ] fall under the Attorney General's 'official duties'". *Id.* I see nothing in the Grand Jury Act or the Rules of Criminal Procedure that supports this conclusion.

Under § 4549(b) of the Grand Jury Act, disclosure of matters occurring before the grand jury (including disclosure of transcripts) may be made to counsel for the Commonwealth "for use in the performance of their duties." If, however, attorneys for the Commonwealth wish to disclose this information to any other law enforcement or investigating agency to assist in investigating crimes, the Commonwealth's attorneys must get the approval of the supervising judge. Otherwise, the information must remain secret. Nothing in this statutory provision permits the attorneys for the Commonwealth to voluntarily agree to provide grand jury transcripts to counsel for defendants.[2]

Likewise, under Rule 230(A) of the Rules of Criminal Procedure, the supervising judge must furnish a copy of grand jury transcripts "to the attorney for the Commonwealth for use in the performance of official duties."[3] Again, however, nothing in the Rules authorizes the Common-

---

**2.** I find it difficult to reconcile the majority's decision with the express language of § 4549(b) of the Grand Jury Act. This section of the Act clearly provides that an attorney for the Commonwealth may not disclose matters occurring before the investigating grand jury, including transcripts, to other law enforcement or investigating agencies to assist them in investigating crimes **without the approval of the supervising judge.** If the Commonwealth's attorney is expressly prohibited from providing grand jury transcripts to other law enforcement or investigating agencies who are investigating crimes without getting prior approval from the supervising judge, it is counterintuitive to suggest that an attorney for the Commonwealth is free to unilaterally

disclose grand jury transcripts to a defendant who has been accused of or implicated in the commission of a crime.

**3.** What is meant by "official duties" is not expressly defined in either the Grand Jury Act or the Rules of Criminal Procedure. However, the Official Comment to Rule 230 of the Rules of Criminal Procedure provides some guidance: "It is intended that the 'official duties' of the attorney for the Commonwealth may include reviewing investigating grand jury testimony with a prospective witness in a criminal case stemming from the investigation, when such testimony relates to the subject matter of the criminal case. **It is not**

wealth's attorney to unilaterally agree to provide transcripts to a defendant. Indeed, the plain language of Rule 230(A) states specifically that disclosure by the supervising judge must be made **"to the attorney for the Commonwealth for use [not** disclosure] in the performance of official duties." Pa.R.Crim.P. 230(A) (emphasis added). Reading Rule 230(A) to permit only the Commonwealth's use, but not disclosure, of grand jury transcripts in the performance of its official duties is entirely consistent with the text of Rule 230(B), which at every stage in referring to the production of grand jury transcripts to a

defendant requires an application or motion to be filed with the supervising judge. *See* Pa.R.Crim.P. 230(B)(1–3). Relevant to this case, Rule 230(B)(2) makes it clear that, with respect to transcripts of testimony provided by witnesses before the grand jury, such transcripts may only be provided to the defense **upon application of the defendant to the supervising judge.** In addition, said testimony may be made available to the defendant by the supervising judge "only after the direct testimony of that witness at trial." Pa.R.Crim.P. 230(B)(2) (emphasis added).[4] Simply put, the majority's conclusion that the Com-

intended that a copy of such testimony be **released to the prospective witness."** Pa. R.Crim.P. 230 (official comment) (emphasis added). Thus, upon review of the only "official duty" described in the Rules of Criminal Procedure, it becomes clear that the Rules do not contemplate disclosure of grand jury transcripts when referring to the Commonwealth's "use" of said transcripts in the performance of official duties. If the attorney for the Commonwealth may not give a copy of a witness' grand jury testimony to the witness who gave the testimony, I do not believe that the attorney for the Commonwealth can voluntarily agree to give transcripts of witnesses' testimony to the defendants.

4. The majority opines that Rule 230(A)(2) does not prohibit the disclosure of grand jury transcripts to the defendant until after the witness has testified on direct exam. Majority Opinion at 499–500, n. 7. In reaching this conclusion, the majority relies on the use of the word "may" in the last phrase of the Rule. Specifically, Rule 230(B)(2) provides, in pertinent part, "upon application of such defendant the court shall order that the defendant be furnished with a copy of such testimony; however, such testimony may be made available only after the direct testimony of that witness at trial." The majority finds that the use of the word "may" makes this a permissive provision and not a mandatory one. *Id.* Thus, the majority concludes that this rule "gives the supervising judge the discretion to control the timing of the dissemination of witness transcripts based upon the circumstances presented in the application for the transcripts." *Id.* I cannot agree with this

interpretation. If the rule contemplates that the supervising judge shall have discretion in the timing of the transcripts, there would be no need for the last phrase following the semi-colon. Instead, to provide the supervising judge with discretion as to when transcripts may be provided to the defendant, the rule need merely provide that, upon a defendant's application for disclosure of a grand jury transcript "the court shall order that the defendant be furnished with a copy of such testimony." By limiting the language in this fashion, the rule would be silent as to the timing thereby providing the supervising judge with complete discretion. This is the type of language used in Rule 230(B)(1) and (B)(3). Under the express language of Rule 230(B)(1), upon application of a defendant, "the court shall order that the defendant be furnished with a copy of the transcript of [the defendant's grand jury] [ ] testimony." Moreover, under Rule 230(B)(3), upon motion of the defendant, "the court shall order that the transcript of any testimony before an investigating grand jury that is exculpatory to the defendant ... be made available to such defendant." Only Rule 230(B)(2) contains the limiting clause: "however, such testimony may be made available **only after** the direct testimony of that witness at trial." By adding that phrase, the supervising judge is not given unfettered discretion as to the timing of the disclosure. Instead, he or she may **only** make the testimony available **after** the direct testimony of that witness at trial. Under the rules of statutory construction, we must give effect to **all** the language of the statute and we may not render any language superfluous or as-

monwealth may enter into, and—more importantly for present purposes—the trial court may enforce, a stipulated agreement to produce grand jury transcripts to a defendant finds no support in the language of § 4549(b) of the Grand Jury Act or Rule 230(A).

Throughout these proceedings, the trial court made no secret that it found Rule 230(B)(2) unwieldy and inefficient. The court was concerned that if the rule were followed to the letter, this complex trial would be repeatedly delayed since defense counsel would need time to review the grand jury transcripts for each witness for the first time between direct examination and cross-examination. I can certainly sympathize with the trial court. However, I believe that our Supreme Court has made it clear in the promulgation of Rules 229 and 230 of the Rules of Criminal Procedure that without prior authorization from the supervising judge, trial courts simply have no jurisdiction to order the disclosure of grand jury transcripts **at any time.**[5] That subject matter is under the exclusive jurisdiction of the supervising judge of the grand jury, in this case the Honorable Barry F. Feudale. While the

Court of Common Pleas of Clearfield County undoubtedly has subject matter jurisdiction over the criminal trial as a whole,[6] I believe that this narrow subject matter falls under the jurisdiction of a different judge.

This is not to say that I am not deeply concerned with the Commonwealth's inconsistent and somewhat puzzling treatment of this matter at the trial court level. Clearly, if the Commonwealth believed that subject matter jurisdiction was lacking, then the Commonwealth should have taken a more consistent position to that effect and refused to agree to disclosure of any transcripts absent an order from Judge Feudale. Instead, the record reflects that the Commonwealth complained about subject matter jurisdiction only with respect to the April 15, 2009 orders requiring the Commonwealth to turn over the transcripts within 10 days. The Commonwealth apparently had no quarrel with the February 27 order requiring the Commonwealth to turn over the transcripts by July 6. Indeed, it is clear from the record that the Commonwealth was willing to turn over the transcripts in accordance with that order, but simply failed to do so in a

sume language to be mere surplusage. The last phrase of Rule 230(B)(2) would be superfluous and mere surplusage if interpreted in the manner suggested by the majority.

Moreover, as our Supreme Court stated in *In re Investigating Grand Jury of Phila. County,* the secrecy of the grand jury proceedings is designed, in part, "to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it." *Id.,* 437 A.2d at 1130. If the grand jury testimony of a witness may be disclosed to the defendant at any time prior to that witness taking the stand during the criminal trial, this purpose for maintaining secrecy would be rendered meaningless.

**5.** Pursuant to Pa.R.Crim.P. 230(B)(2), trial courts do not even have the authority to order

the disclosure of grand jury transcripts **after** a witness testifies at trial on direct examination. Under the express language of the rule, only the supervising judge of the investigating grand jury may do so upon application of the defendant. As the majority notes, there are reported cases indicating that it is common practice for trial courts and counsel to agree to disclose grand jury transcripts prior to a witness's direct testimony. Majority Opinion at 497–98. Certainly it would be more efficient for the parties, and more strategically advantageous for the defendant, to proceed in this fashion and it would streamline the trial. However, even though it is a sensible practice and one that is followed in some courts in the Commonwealth, I believe that it is done in violation of the express language of the Rules.

**6.** *See In re Administrative Order No. 1–MD–2003,* 594 Pa. 346, 936 A.2d 1, 6–7 (2007).

timely fashion based on inadvertence, mistake, and an overburdened schedule. At the trial court level, on the first day of trial, the Commonwealth argued the practicalities of compliance and noncompliance rather than any jurisdictional concerns. Only **after** the trial court issued the harsh sanction of witness preclusion did the Commonwealth revert to its present position that subject matter jurisdiction was lacking.

Fortunately for the Commonwealth, subject matter jurisdiction is a non-waivable matter. *Commonwealth v. Locust Twp.*, 600 Pa. 533, 968 A.2d 1263, 1269 (2009). Moreover, subject matter jurisdiction cannot be conferred by consent. *In re Administrative Order No. 1–MD–2003*, 936 A.2d at 6. Thus, the prosecutor's agreement to turn over the transcripts is legally irrelevant.

Finally, I must note that the issue in this case is not, strictly speaking, whether the Commonwealth can agree to disclose grand jury transcripts in the absence of an order from the supervising judge. I simply believe that when it chooses to enter into such agreements, it does so in violation of § 4549(b) of the Grand Jury Act and Pa.R.Crim.P. 230, and at its own peril. Instead, the true issue in this case is whether the trial court may issue an order directing the Commonwealth to turn over the transcripts, in accordance with that prior agreement, and add penalties for noncompliance. I believe that the trial court may not. As noted above, the trial court lacked subject matter jurisdiction to issue such an order, because it pertains to a matter within the exclusive jurisdiction of Judge Feudale. Thus, I would reverse the trial court's order for lack of subject matter jurisdiction.

