J-A26040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN TREVONNE MUNSON | : | |
| | : | |
| Appellant | : | No. 114 WDA 2025 |

Appeal from the Judgment of Sentence Entered May 20, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000638-2018

BEFORE: OLSON, J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: January 5, 2026**

Appellant, Shawn Trevonne Munson, purports to appeal *nunc pro tunc* from the judgment of sentence entered in the Crawford County Court of Common Pleas, following his jury trial convictions for persons not to possess firearms, possession of a firearm with an altered manufacturer's number, and firearms not to be carried without a license.[1] For the following reasons, we quash the appeal, vacate the order reinstating Appellant's direct appeal rights, and remand for further proceedings consistent with this memorandum.

The relevant facts and procedural history of this case are as follows. On March 14, 2019, a jury convicted Appellant of the above-mentioned firearm offenses.[2] On May 20, 2019, the court sentenced Appellant to an aggregate

---

[1] 18 Pa.C.S.A. §§ 6105, 6110.2, and 6106, respectively.

[2] Due to our disposition, we need not explain the underlying facts surrounding Appellant's convictions.

term of 10 to 20 years' imprisonment.  Appellant timely filed a post-sentence motion on May 23, 2019, challenging the weight of the evidence.  On May 29, 2019, the court denied Appellant's motion.  Appellant did not file a direct appeal.

Thereafter, trial counsel (who had been privately retained) filed a petition to withdraw.  Trial counsel indicated that Appellant had expressed a desire to appeal but counsel had failed to do so and the time in which to file an appeal had since passed.  The court scheduled hearings on the motion to withdraw, and trial counsel twice failed to appear.  Thus, on July 2, 2019, the court issued an order directing the Court Administrator to issue a rule to show cause, at which time trial counsel would be able to present any reason for why he should not be held in contempt based on his failures to appear.  In the order, the court also noted that it had informed Appellant that the only way to have his appellate rights reinstated would be to file a petition under the Post Conviction Relief Act ("PCRA").

On July 5, 2019, the court issued an order scheduling a rule to show cause hearing.  Following the hearing, the court issued an order on July 29, 2019, declining to hold counsel in contempt and permitting counsel to withdraw.  Additionally, the court again advised Appellant to file a PCRA petition to have his appellate rights reinstated.

Almost three years later, on June 30, 2022, Appellant filed a counseled PCRA petition.  Counsel initially acknowledged the facial untimeliness of the petition.  Nevertheless, Appellant invoked the "newly-discovered facts"

exception to the PCRA time-bar, claiming that he had hired two attorneys prior to the expiration of the one-year jurisdictional time bar to file a PCRA petition on his behalf, but neither had done so. Appellant further alleged ineffective assistance of counsel for failure to call a witness at trial.

On July 14, 2022, the court scheduled a hearing regarding the timeliness of Appellant's petition. On October 26, 2022, the Commonwealth filed an answer asserting that Appellant's PCRA petition was untimely without exception. Specifically, the Commonwealth claimed the petition did not satisfy the newly-discovered facts exception because Appellant had failed to exercise due diligence in discovering sooner that the two attorneys he had hired within the one-year time in which to file a PCRA petition had not actually filed a petition on his behalf.

The court held a rule to show cause hearing on October 31, 2022 regarding the timeliness issue. Thereafter, the court ordered the parties to submit post-hearing briefs. Again, Appellant argued that an exception to the PCRA time-bar applied because he had consulted with two attorneys between June 27, 2019 and June 27, 2020, but neither had filed a PCRA petition on his behalf. Appellant attached to his brief a letter from the second attorney with whom he had consulted, Attorney J. Wesley Rowden, dated July 3, 2020. In that letter, Attorney Rowden stated that his review of Appellant's file had ended months prior. Attorney Rowden stated that he had sent Appellant a letter in October 2019 indicating that after a review of the case file, counsel could not find any viable issues for filing a PCRA petition. Attorney Rowden

stated that he also sent Appellant a letter in November 2019 closing Appellant's escrow account.[3]

On January 10, 2023, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. In doing so, the court explained:

> [Appellant] appears to be alleging that the expiration of the one-year deadline without a PCRA Petition being filed on his behalf is a newly-discovered fact that would allow the extension of the one-year deadline. However, this simply is not supported by the law or the filings in this case. [Appellant] had been informed that Attorney Rowden did not intend to file a PCRA Petition on his behalf on more than one occasion. In the letter from Attorney Rowden to [Appellant] dated July 3, 2020, Attorney Rowden indicated that he had written [Appellant] a letter in October of 2019, informing him that he had completed his review of the case, did not find any PCRA issues of merit, and did not plan to file a PCRA Petition on [Appellant's] behalf. The letter further indicates that Attorney Rowden did not receive a response to the October 2019 letter within 30 days, so he sent a subsequent letter to [Appellant], notifying him that his file with Attorney Rowden had been closed.[3]
>
> > [3] The [c]ourt notes that Attorney Rowden never entered his appearance as counsel of record for [Appellant].
>
> Even assuming *arguendo* that the first time [Appellant] was notified of Attorney Rowden's position was the July 3, 2020 letter, [Appellant] still failed to take any action for almost two full years after that. [Appellant] did not file a PCRA Petition, *pro se* or through counsel, until June 30, 2022. If [Appellant] believed that there were meritorious PCRA

---

[3] The record indicates that Appellant subsequently retained Attorney James Pitonyak to represent him, but Attorney Pitonyak did not enter his appearance or file anything on Appellant's behalf, and in October 2021, refunded Appellant the majority of the retainer Appellant had paid him.

> issues, he certainly should have taken some action, including, but not limited to, filing a *pro se* PCRA Petition to toll the one-year deadline until he could obtain alternate counsel, or by retaining counsel as soon as he was aware that Attorney Rowden had no intention of filing a PCRA Petition.

(Rule 907 Notice Memorandum and Order, filed 1/10/23, at 3).

On February 6, 2023, the court extended Appellant's time in which to file a response to the court's Rule 907 notice until March 13, 2023. On March 13, 2023, Appellant filed a counseled motion for leave to amend his PCRA petition along with a response to the court's Rule 907 notice. Therein, Appellant reiterated that he had satisfied the newly-discovered fact exception to the PCRA time-bar because he had hired attorneys to file a PCRA petition on his behalf within the one-year statutory window, but they had failed to do so thereby providing ineffective assistance of counsel. Additionally, Appellant claimed that the first communication he received from Attorney Rowden about not filing a PCRA petition on Appellant's behalf was the July 3, 2020 letter. Appellant claimed that he acted promptly after receiving this information by retaining Attorney Pitonyak in May 2021 to file a PCRA petition on Appellant's behalf.[4] Upon learning that Attorney Pitonyak had not filed a PCRA petition, Appellant retained PCRA counsel, who ultimately filed the June 30, 2022 PCRA

---

[4] Among other things, Appellant attached as Exhibit E to his filings a letter from Attorney Pitonyak dated May 25, 2021, asking Appellant for more information concerning his case, questioning the tactics of some of Appellant's previous attorneys, noting that Appellant's previous attorneys had abandoned him, and opining that Appellant's sentence was excessive.

petition on Appellant's behalf. Relying on **Commonwealth v. Peterson**, 648 Pa. 313, 192 A.3d 1123 (2018), Appellant argued that the attorneys he had hired before PCRA counsel were *per se* ineffective in foreclosing PCRA review for Appellant, such that he satisfied the proffered time-bar exception. Appellant also suggested that he filed the petition within one year of July 3, 2021, which would have been the filing deadline for Attorney Pitonyak to invoke the newly-discovered fact exception after learning that Attorney Rowden had failed to do so.

On March 24, 2023, the court scheduled a status conference for May 31, 2023. On March 30, 2023, the court granted PCRA counsel's motion to withdraw as Appellant had retained new PCRA counsel. Thereafter, the court rescheduled the status conference for June 2, 2023; the court then continued the hearing again until July 17, 2023 at the request of the parties.

Following the status conference, the court gave Appellant until September 15, 2023 to file an amended PCRA petition. Appellant subsequently filed an unopposed motion to extend the time to file an amended PCRA petition, which the court granted until September 22, 2023.

On September 22, 2023, Appellant filed an amended PCRA petition. In it, Appellant claimed that Attorney Rowden was *per se* ineffective when he failed to file a timely PCRA petition raising trial counsel's ineffectiveness in failing to file a requested direct appeal and seeking reinstatement of Appellant's direct appeal rights *nunc pro tunc*. Appellant alleged that Attorney

Rowden's conduct by failing to file a timely PCRA petition completely deprived Appellant of any consideration of his collateral claims under the PCRA. Appellant complained that Attorney Pitonyak was similarly ineffective by failing to invoke the newly-discovered fact exception to the PCRA time-bar based on Attorney Rowden's ineffectiveness. Thus, Appellant averred trial counsel was ineffective in failing to file a requested direct appeal; Attorney Rowden was ineffective for failing to file a timely PCRA petition asserting trial counsel's ineffectiveness; and Attorney Pitonyak was ineffective in failing to assert an exception to the time-bar based on Attorney Rowden's ineffectiveness. Appellant maintained that he exercised due diligence in repeatedly retaining attorneys to assert his claims.

The court held a PCRA evidentiary hearing on the timeliness issue on September 3, 2024[5] and scheduled a second hearing to take place on December 19, 2024. Prior to the second hearing, on December 4, 2024, Appellant filed a "consent motion to reinstate appellate rights." Therein, Appellant alleged that the Commonwealth consented to reinstatement of Appellant's direct appeal rights *nunc pro tunc*. On January 7, 2025, Appellant filed a supplement to the consent motion asking the court to appoint counsel for Appellant based on Appellant's financial inability to afford counsel.

---

[5] The transcript from this hearing is not in the certified record. Following an informal inquiry from this Court to the Prothonotary, we were unable to obtain it.

- 7 -

On January 8, 2025, the court granted Appellant's consent motion to reinstate his direct appeal rights *nunc pro tunc*, allowed Appellant's privately-retained counsel to withdraw, and appointed new counsel for Appellant.[6]  On January 23, 2025, Appellant filed a *nunc pro tunc* notice of appeal.  The next day, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b), and Appellant complied.

Appellant raises two issues for our review:

> Whether the jury's verdict was against the weight of the evidence where it was established through multiple witnesses that [Appellant] was not in possession of a firearm?

> Whether the jury's verdict was against the weight of the evidence where the Commonwealth's witnesses were at such a distance to be able to establish that [Appellant] possessed a firearm?

(Appellant's Brief at 4).

As a preliminary matter, we must decide whether the PCRA court properly reinstated Appellant's direct appeal rights *nunc pro tunc*.  As we previously explained, the parties heavily litigated whether Appellant had satisfied an exception to the PCRA time-bar to overcome the PCRA's jurisdictional hurdle.  Ultimately, before the conclusion of the PCRA hearings regarding timeliness, the court granted Appellant's "consent motion" to

_____

[6] The court's order did not analyze the timeliness of the PCRA petition notwithstanding the prior years of litigation regarding whether the petition had been timely filed.

- 8 -

reinstate his appellate rights *nunc pro tunc* without conducting a timeliness analysis. Nevertheless, "[w]hether a court has subject matter jurisdiction is a question of law… It is not waivable, **even by consent**, and may be raised by any party or by the court, *sua sponte*, at any stage of the proceeding." ***Commonwealth v. Beatty***, 207 A.3d 957, 961 (Pa.Super. 2019) (emphasis added), *appeal denied*, 655 Pa. 482, 218 A.3d 850 (2019) (quoting ***Commonwealth v. Hemingway***, 13 A.3d 491, 496 (Pa.Super. 2011)).

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been

ascertained by the exercise of due diligence; or

(iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  As well, "[a]ny petition invoking an exception…shall be filed within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence."  *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015).  Due diligence requires the petitioner to take reasonable steps to protect his own interests.  *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001).  A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence; this rule is strictly enforced.  *Commonwealth v. Monaco*, 996 A.2d 1076 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011).

In *Peterson, supra*, on which Appellant relied in litigating his PCRA petition, Peterson filed a first PCRA petition that was untimely by one day. The PCRA court denied relief on the merits, but on appeal, this Court affirmed on the alternate basis that the PCRA petition was untimely.  Peterson then

filed a second PCRA petition seeking reinstatement of his PCRA appellate rights based on first PCRA counsel's ineffectiveness in filing the PCRA petition late. The PCRA court held an evidentiary hearing and decided the second petition was timely filed under the newly-discovered facts exception, and reinstated Peterson's right to file a *nunc pro tunc* appeal from the denial of his first PCRA petition. This Court consolidated Peterson's *nunc pro tunc* appeal challenging the denial of his first PCRA petition with the Commonwealth's cross-appeal from the order granting *nunc pro tunc* relief. On appeal, this Court concluded that no time-bar exception applied. Thus, this Court reversed the grant of the *nunc pro tunc* appeal.

Our Supreme Court ultimately reversed this Court, concluding that, by filing the first PCRA petition late, initial PCRA counsel was ineffective *per se*, "as it completely deprived Peterson of any consideration of his collateral claims under the PCRA." **Peterson, supra** at 325, 192 A.3d at 1130. The Court decided that Peterson had successfully invoked the newly-discovered fact exception based on first PCRA counsel's *per se* ineffectiveness, "**and the PCRA court made factual findings that Peterson did not know about the untimely filing and could not have ascertained this fact through the exercise of due diligence**." *Id.* at 325, 192 A.3d at 1130-31 (emphasis added). As well, Peterson had timely filed his second PCRA petition within the requisite time-frame after learning of the first untimely petition. Our High Court thus stated:

> [W]e conclude that Counsel's untimely filing of Peterson's first PCRA petition constituted ineffectiveness *per se*, as it completely foreclosed Peterson from obtaining review of the collateral claims set forth in his first PCRA petition. Accordingly, **as the PCRA court has made the necessary factual findings**, Peterson has [pled] and proven an entitlement to invoke the subsection 9545(b)(1)(ii) exception to permit the filing of his second PCRA petition beyond the one-year time bar. The order of the Superior Court is hereby reversed and the case is remanded for further proceedings consistent with this Opinion.

*Id.* at 327, 192 A.3d at 1132 (emphasis added).

Instantly, the court sentenced Appellant on May 20, 2019. Appellant timely filed post-sentence motions, which the court denied on May 29, 2019. Appellant did not file a direct appeal. Therefore, Appellant's judgment of sentence became final June 28, 2019, thirty days after the denial of Appellant's post-sentence motions, and upon the expiration of time for filing a direct appeal. *See* 42 Pa.C.S.A. § 9545(b)(3). Appellant filed the current PCRA petition on June 30, 2022, which is facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

In his PCRA proceedings, Appellant repeatedly asserted the newly-discovered facts exception to overcome the PCRA's jurisdictional time-bar. Specifically, Appellant claimed that Attorney Rowden was *per se* ineffective when he failed to file a timely PCRA petition raising trial counsel's ineffectiveness in failing to file a requested direct appeal. Appellant alleged that Attorney Rowden's conduct by failing to file a timely PCRA petition completely deprived Appellant of any consideration of his collateral claims

- 12 -

under the PCRA, similar to the petitioner in **Peterson, supra**. Appellant complained that Attorney Pitonyak was similarly ineffective by failing to invoke the newly-discovered fact exception to the PCRA time-bar based on Attorney Rowden's ineffectiveness. Thus, Appellant averred trial counsel was ineffective in failing to file a requested direct appeal; Attorney Rowden was ineffective for failing to file a timely PCRA petition asserting trial counsel's ineffectiveness; and Attorney Pitonyak was ineffective in failing to assert an exception to the time-bar based on Attorney Rowden's ineffectiveness. Appellant maintained that he exercised due diligence in repeatedly retaining attorneys to assert his claims.

We repeat that although the parties litigated the timeliness issue for over two years, the court ultimately granted Appellant PCRA relief based on the consent of the parties without conducting the requisite timeliness analysis. Further, although the PCRA court had the benefit of one evidentiary hearing concerning timeliness which occurred on September 3, 2024, the court never held the second hearing that was scheduled to take place on December 19, 2024 based on the parties' agreement to reinstate Appellant's direct appeal rights. As we have previously explained, however, parties cannot agree to jurisdiction where none exists. **See Beatty, supra**.

Further, although the record contains various exhibits in the form of letters from counsel demonstrating Appellant's attempts to retain private counsel to litigate his PCRA claims, this Court does not have the benefit of

reviewing the September 3, 2024 evidentiary hearing because it is not included in the certified record, and have no way to know what additional testimony/evidence would have been produced at the hearing scheduled for December 19, 2024. As well, unlike in **Peterson, supra**, the PCRA court in this case did **not** make "factual findings that [Appellant] did not know about [his counsels' failures to litigate his PCRA claims] and could not have ascertained this fact through the exercise of due diligence." **Id.** at 325, 192 A.3d at 1130-31. Because it is unclear on the record before us whether the PCRA court properly restored Appellant's direct appeal rights, we must quash the appeal. **See Commonwealth v. Reid**, 661 Pa. 207, 235 A.3d 1124 (2020) (holding that where appellant's petition failed to satisfy exception to PCRA time-bar, PCRA court lacked jurisdiction to reinstate appellant's *nunc pro tunc* right to appeal; in absence of valid reinstatement of appellate rights, instant appeal is untimely and must be quashed).

Additionally, we vacate the order reinstating Appellant's direct appeal rights *nunc pro tunc*, and remand for the court to continue the PCRA hearings, at the conclusion of which the PCRA court shall conduct the requisite jurisdictional analysis, containing factual findings as to whether Appellant exercised due diligence for purposes of Section 9545(b)(1)(ii). **See id. See also Commonwealth v. Wallick**, No. 1121 MDA 2020 (Pa.Super. filed Aug.

5, 2021) (unpublished memorandum)[7] (vacating order reinstating PCRA petitioner's direct appeal rights and remanding for further proceedings where matter required further fact-finding; directing PCRA court upon remand to hold evidentiary hearing to ascertain, *inter alia*, whether petitioner filed current PCRA petition within one year of discovering his asserted "newly-discovered fact" per Section 9545(b)(2) and whether he exercised due diligence in discovering counsel's alleged abandonment). Should the PCRA court decide that Appellant satisfied the jurisdictional hurdle, the court may then grant PCRA relief and reinstate Appellant's direct appeal rights *nunc pro tunc* and he may again appeal. Accordingly, we quash the appeal, vacate the order reinstating Appellant's direct appeal rights, and remand for further proceedings consistent with this memorandum.

Appeal quashed. Order reinstating Appellant's direct appeal rights vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

---

[7] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE:  1/5/2026